HOUSTON MOBILFONE, INC., et al., Appellants,

v.

The PUBLIC UTILITY COMMISSION of Texas et al., Appellees.

No. 5143.

Court of Civil Appeals of Texas, Eastland.

April 6, 1978.

James K. Presnal, Austin, for appellants.

David R. Richards, Clinton & Richards, Austin, E. L. Atkins, Arlington, Ronald Clower, Dallas, G. William Fowler, Odessa, Joe N. Pratt, Asst. Atty. Gen., Austin, for appellees.

RALEIGH BROWN, Justice.

For purposes of this appeal, the following causes have been consolidated: *Houston Mobilfone, Inc., Houston Radiophone Service and Radio Dispatch, Inc. v. The Public Utility Commission of Texas and Aircall of*

*Texas, Inc.; Houston Mobilfone, Inc., Houston Radiophone Service and Radio Dispatch, Inc. v. The Public Utility Commission of Texas and Morrison Radio Relay; Houston Mobilfone, Inc., Houston Radiophone Service and Radio Dispatch, Inc. v. The Public Utility Commission of Texas and Electrodyne, Inc.; and, Radio Dispatch, Inc. v. The Public Utility Commission of Texas and Answer Exchange, Inc.* Although, there are multiple appellants and appellees, we shall refer to them in the singular.

The common issue for determination is whether or not appellant timely filed its petition for judicial review of the granting of a Certificate of Convenience and Necessity by the Public Utility Commission of Texas. The district court, in granting a plea in abatement, held it lacked jurisdiction because of appellant's failure to timely file its petition. This consolidated appeal is from such a ruling. We affirm.

Appellee applied to the Public Utility Commission of Texas for a Certificate of Public Convenience and Necessity which appellant protested. The Commission on June 14, 1976, issued its order granting the certificate to appellee. On June 29, 1976, appellant filed its motion for rehearing with the Commission and on August 4, 1976, the Commission issued an order overruling it. Appellant then on September 2, 1976, filed its petition for review pursuant to Section 19(b) of Article 6252–13a, the Administrative Procedure and Texas Register Act. The trial court held such filing was not timely, therefore, it lacked jurisdiction to hear the appeal.

In two points of error, appellant urges the trial court erred in holding (1) that it had not timely filed for judicial review of agency decision; and, (2) that the time limits of Article 6252–13a § 19(b) were mandatory.

Sections 16 and 19 of the Administrative Procedure Act are the sections that provide for judicial review of administrative agency decisions. Section 16 provides in part:

"(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion

for rehearing must be filed within 15 days after the date of rendition of a final decision or order. Replies to a motion for rehearing must be filed with the agency within 25 days after the date of rendition of the final decision or order, and agency action on the motion must be taken within 45 days after the date of rendition of the final decision or order. If agency action is not taken within the 45-day period, the motion for rehearing is overruled by operation of law 45 days after the date of rendition of the final decision or order. The agency may by written order extend the period of time for filing the motions and replies and taking agency action, except that an extension may not extend the period for agency action beyond 90 days after the date of rendition of the final decision or order. In the event of an extension, the motion for rehearing is overruled by operation of law on the date fixed by the order, or in the absence of a fixed date, 90 days after the date of the final decision or order."

Section 19 provides in part:

"(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act

.  .  .

(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable  .  .  ."

We must resolve when the Commission's Order became final and appealable.

Appellant argues that the effect of the August 4 order issued by the Commission was not only to overrule appellant's motion for rehearing, but also to extend the time by written order for agency action to August 4, which is well within the 90-day limit imposed by Subsection (e) of Section 16. It urges the decision of the Commission granting the certificate to appellee did not become final and appealable until August 4, 1976; therefore, its petition for review,

having been filed on September 2, 1976, was within the 30-day period as required by Section 19(b).

▬▬ Appellee contends that for the district court to have jurisdiction, the prerequisite of the Administrative Procedure Act must be met. The right of appeal is statutorily given and is strictly governed by the provision of the authorizing statute. We agree with such contention for as stated by the court in *Texas Department of Public Safety v. Morris*, 436 S.W.2d 124 (Tex.1968):

> "*Schwantz v. Texas Department of Public Safety*, 415 S.W.2d 12 (Tex.Civ. App.1967, writ ref.) settled the question about jurisdiction on appeal from orders of the Department of Public Safety. In an opinion which this court approved, the court said:
>
> > 'No right of appeal from the orders involved in the instant case, therefore, exists 'in the absence of statutory authority; and where such authority is given the proceeding authorizing it is a special one and governed strictly by the provisions of the authorizing statute.' *City of Strawn v. Board of Water Engineers*, Tex.Civ.App., 134 S.W.2d 397, 398, writ refused. 'The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable.' *Mingus v. Wadley* (1926), 115 Tex. 551, 285 S.W. 1084, 1087. See *Goff v. State Board of Insurance*, Tex.Civ.App., 319 S.W.2d 383, 385, no writ.

· · · · ·

*Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1089 (1926) stated the rule:

> 'The rule is well settled in most jurisdictions and in this state 'that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law, since under such circumstances the court stands with reference to the special power exercised on the same footing with courts of limited and inferior jurisdiction.'"

The court in *Stanfield v. Texas Department of Public Safety*, 422 S.W.2d 14 (Tex. Civ.App.—Dallas 1967, writ ref. n. r. e.) said:

> "It is an established principle of law that the right to appeal from an administrative order to the courts is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature. Such right does not exist unless specifically granted by statute. Therefore, if the Legislature creates an administrative agency it may prescribe rules and regulations governing such body and the method by which the rights determined by such body shall be enforced. The Legislature may also prescribe for judicial review of administrative action and in such cases the method so prescribed must be followed in order to confer jurisdiction upon the court. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951); *Board of Equalization of City of Fort Worth v. McDonald*, 133 Tex. 521, 129 S.W.2d 1135 (1939); *Fire Department of City of Fort Worth v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664 (1949); 1 Tex.Jur.2d, Administrative Law and Procedure § 34, pp. 673–674, §§ 35 and 36, pp. 674–676; 2 Am.Jur.2d, Administrative Law, § 557."

The Commission in the case at bar failed to act on appellant's motion for rehearing within the 45-day period as provided in 16(e); nor did the Commission by written order within the original 45 days grant an extension of time.

The language contained in Section 16(e) of the Administrative Procedure Act is similar to that contained in Rule 329b(4), T.R. C.P., which states:

> "4. It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion

of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. Such delayed hearing shall not operate to extend the time within which the original or amended motion must be determined, unless such time be extended by agreement as provided for in the preceding subdivision of this rule. In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date. In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first."

■ This rule was effective and had been construed by the courts of this state when the Legislature enacted the Administrative Procedure and Texas Register Act. In such event, the Legislature is presumed to have taken notice of court's decisions construing Rule 329b(4), T.R.C.P., and such judicial construction must, therefore, be read into Section 16(e) of the Administrative Procedure Act. *Humble Pipe Line Co. v. State*, 2 S.W.2d 1018 (Tex.Civ.App.—Austin 1928, writ ref'd).

Rule 329b(4) has been interpreted to provide that a motion for new trial is overruled by operation of law 45 days after it is filed if it has not been determined within that time, and the time for determining the motion has not been postponed by written agreement of the parties. In such event, a subsequent order purporting to overrule the motion is a nullity. *Missouri-Kansas-Texas Railroad Company v. Chesher*, 354 S.W.2d 645 (Tex.Civ.App.—Texarkana 1962, writ ref. n. r. e.); *Haase v. Greutzmacher*, 521 S.W.2d 666 (Tex.Civ.App.—San Antonio 1975, no writ).

■ Appellant's motion for rehearing was, therefore, overruled by operation of law on July 29, 1976, and the August 4, 1976, order was a nullity that did not operate to extend the time for filing a petition for review under Section 19(b) of the Administrative Procedure Act. The order of the Commission, therefore, became final and appealable on July 29, 1976. Appellant filed its petition for review 35 days after the case became final and appealable, thus it failed to timely file its petition for review as provided by Section 19(b) of the Administrative Procedure Act, and the trial court correctly sustained appellee's plea in abatement and dismissed appellant's suit.

We also agree that the time limits of Article 6252–13a are mandatory.

The court in *Calvert v. Texas Pipe Line Company*, 517 S.W.2d 777 (Tex.1974) said:

"The fundamental and dominant rule controlling the construction of a statute is to ascertain if possible the intention of the Legislature expressed therein. Sec. 6, Article 10, Vernon's Ann.Revised Civil Statutes. In *Calvert v. British-American Oil Producing Co.*, 397 S.W.2d 839 (Tex. 1965), at 842 this Court said:

'Article 10, Vernon's Annotated Civil Statutes, provides general rules for construing all civil statutory enactments. The article provides that the provisions of statutes shall be liberally construed with a view to effect their objects. The courts necessarily look diligently for the intention of the Legislature as the intention of the Legislature is the dominant consideration in construing a statute. See *State v. Dyer*, 145 Tex. 586, 200 S.W.2d 813 (1947); *McInery v. City of Galveston*, 58 Tex. 334 (1883); *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273 (1951).'"

The legislative intent as expressed by the language of the Administrative Procedure Act is clear and unambiguous. Its purpose

is to afford the minimum standards of uniform practices and procedures for state agencies and to restate the law of judicial review of agency action. Without a mandatory adherence to the time limits specified in the act, the finality of administrative agency decisions would be uncertain and not in the public interest. The Legislature would not so intend.

We have considered and overruled all points of error.

The judgment is affirmed.