**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**George SFAIR, Mike Sfair Individually and d/b/a Sfair, Appellees.**

No. 04–88–00343–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1990.

Rehearing Denied March 14, 1990.

Karen D. Matlock, Asst. Atty. Gen., Austin, for appellant.

Charles J. Lieck, Jr., San Antonio, for appellees.

Before REEVES, CHAPA and CARR, JJ.

ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

This court's opinion of November 8, 1989, is withdrawn and the following opinion is substituted.

Appellant, Texas Alcoholic Beverage Commission (TABC), appeals the trial court's judgment which reversed the Commission's decision.

George and Michael Sfair, the owners of a neighborhood club known as Sfair's, hold a mixed beverage permit and a mixed beverage late hours permit. On December 6, 1986, Sfair's and its bartender, Laura Bennett Carpenter, were cited by TABC agents

for serving an alcoholic beverage after 2:00 a.m. and for permitting consumption of an alcoholic beverage after 2:15 a.m. A hearing was held before a hearing officer for the TABC, who filed proposed findings and a recommendation that the Sfairs' permits be suspended for seven days or that the Sfairs pay a civil penalty of $1,050.00 in lieu of the suspension. The Sfairs appealed this decision to the district court.

After a hearing and review of the agency findings, the trial court reversed the Commission's ruling and set it aside. The TABC appeals the trial court's judgment to this court.

■■■ The dispositive issue we have before us is one of the trial court's jurisdiction. The TABC, in its motion for rehearing before this court, asserts that the Sfairs failed to timely perfect their appeal to the district court and that, therefore, the trial court had no jurisdiction. This is the first time that the question of jurisdiction has been raised. The general rule is that points of error raised for the first time in a motion for rehearing are too late and will not be considered. *Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 797 (Tex.1974); *Great Commonwealth Life Ins. Co. v. Olton State Bank*, 607 S.W.2d 604, 608 (Tex. Civ.App.—Amarillo 1980, no writ). However, fundamental error may be raised for the first time in a motion for rehearing. *City of Arlington v. Bardin*, 478 S.W.2d 182, 191 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.); *Trevino v. Gonzalez*, 749 S.W.2d 221, 226–27 (Tex.App.—San Antonio 1988, writ denied). The assumption of jurisdiction where none exists is fundamental error and may be raised for the first time on appeal. *McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957).

In order to consider this point, we must set out a few more facts concerning the procedural history of this case. On September 1, 1987, the TABC held its hearing. The Commission entered its first order, imposing penalties against the Sfairs, on October 22, 1987. The Sfairs filed their motion for rehearing on November 4, 1987. The Commission overruled the Sfairs' motion for rehearing by written order signed November 10, 1987. On its own motion, almost two weeks after it had overruled the Sfair's motion for rehearing, the Commission entered a written order granting rehearing of the cause and the parties entered into written stipulations of facts. The examiner held a second hearing on February 5, 1988. On April 19, 1988, the Commission entered a new order adopting the hearing examiner's first amended proposal and assessed the same punishment as in the original order. The Sfairs' filed a motion for rehearing on this order on April 29, 1988.

■■■ According to the Administrative Procedure and Texas Register Act (APTRA) (TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Supp.1990)), the Commission timely entered its first order on October 22, 1987. The Sfairs' first motion for rehearing was timely filed and overruled by the Commission. Under the APTRA, the overruling of the motion by written order triggered the Sfairs' appellate timetable. TEX.REV.CIV.STAT.ANN. art. 6252–13a, sec. 16(c) (Vernon Supp.1990). This section of the Act provides:

(c) A decision is ... final and appealable on the date of rendition of the order overruling the motion for rehearing....

Thus, the Sfairs' petition was due to be filed in the district court on December 10, 1987: within thirty days after the decision is final and appealable. *See* TEX.REV. CIV.STAT.ANN. art. 6252–13a, sec. 19(b) (Vernon Supp.1990). The Sfairs did not file their petition until May 31, 1988. The Sfairs' tardiness was undoubtedly brought on by the actions taken by the Commission in *sua sponte* granting the rehearing and setting a new hearing date.

However, the APTRA is clear: the decision became final and appealable on the date that the Commission overruled the Sfairs' motion for rehearing. Thus, regardless of the Commission's subsequent actions, the Sfairs' time for appeal started on November 10, 1987. An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction. *City of Lubbock v. Bounds*, 623 S.W.2d 752, 755 (Tex.App.—Amarillo 1981, no writ); *Houston Mobilfone, Inc. v. Public Util.*

*Comm'n,* 565 S.W.2d 323, 324 (Tex.Civ. App.—Eastland 1978, no writ); *Texas State Bd. of Pharmacy v. Kittman,* 550 S.W.2d 104, 107 (Tex.Civ.App.—Tyler 1977, no writ). The procedure to be followed is mandatory and jurisdictional. *Navarro Indep. School Dist. v. Brockette,* 566 S.W.2d 699 (Tex.Civ.App.—Austin 1978, no writ), *rev'd on other grounds sub. nom., Commercial Life Ins. Co. v. Texas State Bd. of Ins.,* 774 S.W.2d 650 (Tex.1989); *Houston Mobilfone, Inc. v. Public Util. Comm'n.,* 565 S.W.2d at 326. The fact that the agency may have erred in *sua sponte* granting the motion for rehearing and engaging in subsequent proceedings does not excuse the Sfairs' late filing of their petition in the district court. *See Green v. Aluminum Co.,* 760 S.W.2d 378, 380 (Tex.App.—Austin 1988, no writ); *Houston Mobilfone, Inc. v. Public Util. Comm'n.,* 565 S.W.2d at 325-26.

Thus, we hold that the district court had no jurisdiction to entertain the Sfairs' appeal. Since the district court's jurisdiction was not invoked to review the Commission's order, the Commission's order remains effective.

The judgment of the trial court is reversed, the cause is dismissed, and the order of the Texas Alcoholic Beverage Commission is final.