# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00223-CV

**Anthony Allen Jones, Appellant**

**v.**

**State Board of Educator Certification, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-08-001975, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## **O P I N I O N**

Appellant Anthony Allen Jones appeals from the trial court's grant of the plea to the jurisdiction filed by the State Board of Educator Certification (the "Board") in Jones's suit for judicial review of an administrative disciplinary proceeding. We affirm the trial court's order granting the plea to the jurisdiction.

## BACKGROUND

Jones was certified by the Board and taught special education in Texas from 1995 to 2003. In September 2006, the Board filed an administrative complaint against Jones based on allegations that he had physically assaulted a special education student and had engaged in unprofessional conduct toward two other students. Jones disputed the charges, and on August 23, 2007, a contested case hearing was held at the State Office of Administrative Hearings ("SOAH"). The administrative law judge (the "ALJ") issued a proposal for decision finding that

Jones "is worthy to continue to instruct the youth of this state," but recommending that Jones take 30 classroom hours in anger management training and 30 classroom hours in proper classroom discipline and management of special education students. The ALJ also found that while Jones's conduct in certain instances violated the code of ethics for teachers, the Board had not proven that Jones exhibited a pattern of inappropriate behavior toward special education students.

After reviewing the ALJ's proposal for decision, the Board issued its final decision and order. Contrary to the proposal for decision, the Board found that Jones "shows a pattern of inappropriate treatment of special education students" and that "he is presently unworthy to instruct the children of this state." The Board adopted the ALJ's recommendation that Jones be required to take 30 hours of anger management training and 30 hours of classroom management for special education classrooms, but also suspended Jones's teaching certification for three years.[1] The Board notified Jones of its decision by letter dated February 7, 2008, which was received by Jones's counsel on February 11, 2008.

Jones timely filed a motion for rehearing of the Board's decision on February 29, 2008. *See* Tex. Gov't Code Ann. § 2001.146(a) (West 2008) (upon receiving notice of agency decision, party has 20 days to file motion for rehearing). This motion was deemed overruled by operation of law on March 27, 2008. *See id.* § 2001.146(c) (in absence of agency

---

[1] The ALJ's proposal for decision includes a footnote stating, "In its amended notice of hearing, Staff seeks a three-year suspension and continuing education; however, Staff seems to have abandoned the three-year suspension penalty. In its post-hearing brief, Staff only discusses the 60 hours of continuing education and never mentions the three-year suspension." The Board subsequently filed exceptions to the proposal for decision, taking exception to the ALJ's failure to grant a suspension. The ALJ declined to amend the proposal for decision.

2

action, motion for rehearing is overruled by operation of law on 45th day after party receives notice of decision). On April 21, 2008, however, the Board sent Jones notice that his motion for rehearing would be considered at the Board's May 9, 2008 public meeting. The public-meeting notice further informed Jones that he could appear at the meeting and testify before the Board. The agenda for the Board's May 9, 2008 meeting contains an action item for consideration of Jones's motion for rehearing, but the motion was not actually addressed at the meeting. On May 13, 2008, the Board sent Jones a letter notifying him that his motion for rehearing had been overruled by operation of law.

On June 6, 2008, Jones filed a petition for judicial review of the Board's decision in Travis County district court. In response, the Board filed a plea to the jurisdiction asserting that the trial court lacked jurisdiction because Jones failed to seek judicial review of the decision within 30 days after his motion for rehearing was overruled by operation of law on March 27, 2008. *See id.* § 2001.176(a) (West 2008) (petition for judicial review in contested case must be filed no later than 30th day after decision becomes final and appealable); *see also id.* § 2001.144 (West 2008) (decision in contested case is considered final when timely filed motion for rehearing is overruled by operation of law). Jones argued that his petition was timely filed because the Board's public-meeting notice extended the deadline for action on his motion for rehearing, either as a written order under section 2001.146(e) or an agreement between the parties under section 2001.147, and therefore extended the deadline for filing his petition for review. *See id.* §§ 2001.146(e) (permitting agency to issue written order extending deadline for action on motion for rehearing), .147 (allowing parties

to contested case to agree to modify deadlines related to motions for rehearing) (West 2008). The trial court granted the Board's plea to the jurisdiction, and this appeal followed.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). In an appeal from a plea to the jurisdiction, we "review the face of appellants' pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favored jurisdiction." *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* at 227.

## DISCUSSION

Jones's issues on appeal can be summarized as a single issue contending that the trial court erred in granting the Board's plea to the jurisdiction because the public-meeting notice operated to extend the deadline for the Board to act on his motion for rehearing and therefore also extended the deadline for filing his petition for judicial review.

4

Disciplinary proceedings before the Board are governed by the Administrative Procedure Act (the "APA"), Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2008). *See* Tex. Educ. Code Ann. § 21.041(b)(7) (West Supp. 2009). The APA provides that a petition for judicial review of an agency decision in a contested case must be filed no later than 30 days after the date the decision becomes final. *See* Tex. Gov't Code Ann. § 2001.176(a). In suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction to review the agency decision. *See id.* § 311.034 (West 2008) ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.").

Under the APA, if a timely motion for rehearing is filed, an agency decision becomes final and appealable when that motion is overruled, either expressly or by operation of law. Tex. Gov't Code Ann. § 2001.144(a)(2). Thus, the Board's decision in this case became final and appealable when Jones's motion for rehearing was overruled by operation of law on March 27, 2008, making Jones's petition for review due on April 26, 2008, 30 days after the decision became final. *See id.* § 2001.176(a).

Jones argues, however, that when the Board sent its public-meeting notice on April 21, 2008, after the motion for rehearing was overruled but prior to the deadline for his petition for judicial review, the Board extended the time for agency action on his motion for rehearing under government code section 2001.146(e), which states:

> A state agency may by written order extend the time for filing a motion or reply or taking agency action under this section [governing motions for rehearing], except that an extension may not extend the period for agency action beyond the 90th day after

5

the date on which the party or the party's attorney of record is notified . . . of the decision or order that may become final under Section 2001.144.

*Id.* § 2001.146(e). Jones takes the position that the public-meeting notice constituted a written order under section 2001.146(e), which extended the time for agency action on his motion for rehearing and prevented the Board's decision from becoming final until he received the Board's letter stating that his motion for rehearing had been overruled by operation of law. Consequently, Jones argues, the 30-day deadline for filing his petition for review did not begin to run until May 13, 2008, making his petition timely filed.

In the alternative, Jones argues that even if the Board's notice did not constitute a written order under section 2001.146(e), it qualifies as an agreement between the parties under section 2001.147, which provides that "[t]he parties to a contested case, with state agency approval, may agree to modify the times prescribed by Section[] . . . 2001.146." *Id.* § 2001.147. The Board responds that it had no jurisdiction to extend the time for acting on the motion for rehearing once it had been overruled, and that the public-meeting notice, issued in error, represented neither a written order under section 2001.146(e) nor an agreement between the parties under section 2001.147.

Because the public-meeting notice was issued after Jones's motion for rehearing had been overruled by operation of law, the threshold issue in this case is whether the Board has the power to extend the time for taking action on a motion for rehearing once the motion has been overruled and the Board's decision has been rendered final and appealable. If the Board has no such authority, then we need not reach the questions of whether the public-meeting notice constituted a

6

written order to extend the time limits under section 2001.146(e) or an agreement to do so under section 2001.147, because the public-meeting notice would be legally irrelevant.

The filing of a motion for rehearing under the APA has been analogized to the filing of a motion for new trial in civil practice. *See El Paso Elec. Co. v. Public Util. Comm'n*, 715 S.W.2d 734, 737 (Tex. App.—Austin 1986, writ ref'd n.r.e.); *Houston Mobilfone, Inc. v. Public Util. Comm'n*, 565 S.W.2d 323, 325-26 (Tex. Civ. App.—Eastland 1978, no writ). In *Houston Mobilfone*, the court held that when an agency issued an order overruling a motion for rehearing *after* the motion had already been overruled by operation of law, the order was a nullity and did not operate to extend the deadline for filing a petition for judicial review. 565 S.W.2d at 326. In reaching this conclusion, the court noted that in the civil context, a motion for new trial is overruled by operation of law 45 days after it is filed, and "a subsequent order purporting to overrule the motion is a nullity." *Id.*; *see also* Tex. R. Civ. P. 329b(c).

We note that while Rule 329b(e) gives the trial court plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for an additional 30 days after any motion for new trial has been overruled, *see* Tex. R. Civ. P. 329b(e), the APA does not include a similar provision expressly giving an agency plenary power to extend deadlines for agency action on a motion for rehearing for a specified time after the motion is overruled. Jones takes the position that section 2001.146(e) gives an agency plenary power, for 90 days after notice of a decision, to issue orders extending the time for action on a motion for rehearing, even if that motion has already been overruled by operation of law. Tex. Gov't Code Ann. § 2001.146(e). We disagree with this reading of section 2001.146(e). As previously stated, section 2001.146(e) provides that a "state agency may

7

by written order extend the time for filing a motion or reply or taking agency action under this section, except that an extension may not extend the period for agency action beyond the 90th day" after the party receives notice of the decision. *Id.* The plain language of the statute indicates that the 90-day period represents the maximum amount of time that the deadline may be extended, not the maximum time period during which the agency may take action to extend the deadline. *See id.* In other words, the agency may issue an order extending the deadline for action on the motion to the 90th day, provided the motion has not yet been overruled at the time the order is issued, but the agency could not wait until the 89th day, long after the motion has been overruled by operation of law, and then issue an order extending the deadline for action to the next day. This same conclusion was reached in *Houston Mobilfone*, in which the court, applying the predecessor statute to section 2001.146, determined that a motion for rehearing became final and appealable when the agency failed to act on it within 45 days and did not "by written order within the original 45 days grant an extension of time." 565 S.W.2d at 325. This language supports our interpretation of section 2001.146(e) to mean that while an agency may extend the time limits for action on a motion for rehearing, it must do so before that motion is overruled.

The facts and issues in the present case are similar to those in *Texas Alcoholic Beverage Commission v. Sfair*, 786 S.W.2d 26 (Tex. App.—San Antonio 1990, writ denied). In that case, the agency expressly overruled the Sfairs' motion for rehearing in a contested case proceeding, making the agency decision final and appealable under the APA. *Id.* at 27. Two weeks later, however, the agency issued a second order sua sponte granting rehearing. *Id.* Additional administrative proceedings followed, and the Sfairs eventually filed for judicial review. *Id.* On

appeal from the trial court's decision in favor of the Sfairs, the agency asserted that the trial court lacked jurisdiction because the Sfairs' petition was not filed within 30 days of the date their original motion for rehearing was overruled. *Id.* The court of appeals agreed, stating that despite the agency's subsequent action of sua sponte granting rehearing, the decision became final when the motion for rehearing was initially overruled, and the appellate timetable began running on that date. *Id.* The court reasoned:

> The Sfairs' tardiness was undoubtedly brought on by the actions taken by the Commission in *sua sponte* granting the rehearing and setting a new hearing date.
>
> However, the [APA] is clear: the decision became final and appealable on the date that the Commission overruled the Sfairs' motion for rehearing. Thus, regardless of the Commission's subsequent actions, the Sfairs' time for appeal started on November 10, 1987. . . . The fact that the agency may have erred in *sua sponte* granting the motion for rehearing and engaging in subsequent proceedings does not excuse the Sfairs' late filing of their petition in the district court.

*Id.* at 27-28 (citations omitted).

Like the agency in *Sfair*, the Board in this case took action after the motion for rehearing was overruled that was inconsistent with the finality of the decision, leading the affected party to believe that the deadline for seeking judicial review had been extended. Nevertheless, the agency decision, both here and in *Sfair*, became final and appealable under the APA on the date the motion for rehearing was overruled, and the agency's subsequent actions had no effect on the deadline for filing a petition for judicial review. *See id.*; *see also State v. Triax Oil & Gas, Inc.*, 966 S.W.2d 123, 126 (Tex. App.—Austin 1998, no pet.) ("[A] party is charged with the knowledge that the motion for rehearing is overruled by operation of law at forty-five days . . . .").

9

"An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction." *Sfair*, 786 S.W.2d at 27. While Jones was perhaps understandably misled by the Board's actions in this case, the fact remains that he failed to comply with the statutory requirement that a petition for judicial review be filed within 30 days of the date the Board's decision became final. *See* Tex. Gov't Code Ann. § 2001.176(a); *see also id.* § 311.034. Further, we note the importance of construing the APA to allow parties to rely on the finality of agency decisions. As the court pointed out in *Houston Mobilfone*, "Without a mandatory adherence to the time limits specified in the [APA], the finality of administrative agency decisions would be uncertain and not in the public interest. The Legislature would not so intend." 565 S.W.2d at 327. Because a party is required to exhaust all available administrative remedies before seeking judicial review, the APA must be construed in a manner that allows litigants to clearly recognize when those remedies have been exhausted.[2] *See* Tex. Gov't Code Ann. § 2001.171.

Based on the foregoing, we hold that once Jones's motion for rehearing was overruled by operation of law, the Board did not have the power to extend the deadline for action on the motion for rehearing under either section 2001.146(e) or section 2001.147 of the APA.[3] The 30-day time

---

[2] For this reason, we note that if Jones had filed a petition for judicial review within 30 days of his motion being overruled by operation of law, the Board would not have been entitled to prevail on a plea to the jurisdiction based on failure to exhaust administrative remedies. Despite the public-meeting notice indicating the Board's future intent to consider Jones's motion for rehearing, Jones's administrative remedies were exhausted when his motion for rehearing was overruled by operation of law.

[3] In light of this conclusion, we do not reach the issues of whether the public-meeting notice constituted either an order under section 2001.146(e) or an agreement under section 2001.147. *See* Tex. R. App. P. 47.1 (requiring opinions to be as brief as practicable in addressing issues necessary to final disposition of appeal).

period for filing a petition for judicial review began to run when Jones's motion for rehearing was overruled on March 27, 2008. Because Jones's petition was not filed within 30 days of that date, the trial court had no jurisdiction to consider his suit for judicial review and therefore did not err in granting the Board's plea to the jurisdiction.

## CONCLUSION

We affirm the trial court's order granting the plea to the jurisdiction and dismissing Jones's suit for judicial review.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   June 11, 2010

11