# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00373-CV

**Texas Department of Family and Protective Services, Appellant**

**v.**

**James Wallace, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-11-003285, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Wallace, the operator of a child-care center, filed a suit for judicial review of a final order of the Texas Department of Family and Protective Services ("the Department"). The Department had found that Wallace had neglected a child in his care, ordered that he cease operating the center, and placed his name in its database of persons the Department has reason to believe had a role in child neglect and abuse. The Department filed a plea to the jurisdiction asserting that Wallace's petition was untimely filed and that the trial court therefore lacked subject-matter jurisdiction. *See* Tex. Gov't Code Ann. § 2001.176 (West 2008) (person initiates judicial review by filing petition not later than 30th day after date on which decision appealed is final); *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) (when petition not filed within 30-day period, trial court had no jurisdiction over suit for judicial review).

The trial court denied the plea to the jurisdiction. We will vacate the trial court's order and dismiss the cause for lack of jurisdiction.

## PROCEDURAL BACKGROUND

The Department investigated Wallace's child-care center, concluded that Wallace had neglected a child in his care, and directed him to cease operations. Wallace sought administrative review of the Department's findings, and they were upheld by the Department. Wallace then sought review of the Department's actions by an administrative law judge (ALJ). The ALJ affirmed the Department's findings. Wallace then timely filed a motion for rehearing, which was overruled by operation of law on August 22, 2011. *See* Tex. Gov't Code Ann. § 2001.146 (West 2008). Consequently, the deadline for Wallace to file a suit for judicial review was September 21, 2011. *Id.* § 2001.176. Wallace contends that his original petition was electronically transmitted to the district clerk on September 15 but that the electronic filing was rejected, a fact his counsel apparently did not discover until some time in October. Wallace's counsel refiled the petition on October 26. The Department disputed Wallace's counsel's version of the facts, contending that he did not file an original petition until October 26. The Department filed a plea to the jurisdiction asserting that, due to the late filing, the trial court lacked subject-matter jurisdiction over the case. The trial court denied the plea, and the Department perfected this appeal.

## DISCUSSION

In a single issue, the Department contends the trial court should have granted its plea to the jurisdiction because the district court's file stamp indicates that Wallace's petition was filed

on October 26, 2011, more than thirty days after the agency order became final, and therefore the trial court lacked jurisdiction over this suit for judicial review. *See Jones*, 315 S.W.3d at 243. Wallace's counsel counters that he electronically filed the original petition on September 15, 2011, but unbeknownst to him the clerk's office rejected the filing. Wallace's counsel states in the appellee's brief that he did not read an e-mail alert sent to him by "ProDoc eFiling," the service he used to electronically file the petition, and therefore did not realize that the filing had been rejected. Wallace's counsel asserts that as soon as he discovered that the filing had been rejected, he conferred with the district clerk, who instructed him to refile the document, which he did on October 26, 2011. Notwithstanding the district clerk's October 26 file stamp, Wallace's counsel maintains that attempting to electronically file the petition on September 15 is the equivalent of giving it to the clerk, and therefore it should be deemed filed on that date even though it was rejected. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("Generally, 'an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing.'" (quoting *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979))); Travis (Tex.) Civ. Dist. Ct. Loc. R. 15.4.3(b) ("Upon sending an electronically-transmitted document to a filer's [electronic filing service provider], the filer is deemed to have delivered the document to the clerk and, subject to [Local Rule] 15.4.3(h), the document is deemed to be filed.").

Here, the original petition contained in the clerk's record bears the file-stamped date of October 26, 2011. A document's file stamp is prima facie evidence of the date of filing, but the presumption it raises may be rebutted. *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 103 (Tex.

App.—Dallas 2006, pet. denied) (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 371-72 (Tex. 1990) (per curiam)).  Wallace did not file a response to the Department's plea to the jurisdiction.  At the hearing, Wallace's attorney did not testify but, in argument, stated that he electronically filed the original petition on September 15, 2011, a date both parties agree was within the 30-day window for filing a petition for review in this case.  Wallace's counsel has attached to his brief his own affidavit stating that he filed Wallace's original petition electronically on September 15.  But this affidavit, dated December 3, 2012, is not part of the appellate record.  Accordingly, we may not consider it.  *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 932 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (appellate court cannot consider documents attached to briefs that were not before trial court and are not part of appellate record).

At the hearing on the Department's plea to the jurisdiction, Wallace's counsel introduced a one-page exhibit that purports to be an e-mail from ProDoc eFiling, a service used to file documents electronically with Texas courts.  The e-mail's "sent date" appears to be September 15, but the body of the e-mail includes the following:  "Date of Status:  Wednesday, October 26, 2011 2:42 PM (GMT-06:00) Central Time (US & Canada)."  The e-mail also includes a section labeled "Comments," which states, "The efiling was rejected per request of the filer."  Wallace contends that this document rebuts the presumption created by the October 26 file-stamp that the original petition was not filed until that date.  The Department, on the other hand, challenges the authenticity of the exhibit, pointing out that it is illogical for an e-mail sent on September 15 to reference an event that happened 40 days later.  We conclude that this exhibit, by itself, which is

4

unclear and unexplained, does not create a fact issue regarding whether Wallace's counsel electronically filed or attempted to file an original petition on September 15. Because Wallace's counsel did not testify at the hearing, and there was no other evidence presented to the trial court, Wallace failed to rebut the presumption created by the October 26 file-stamp date on the petition contained in the record. Consequently, we must reverse the trial court's denial of the Department's plea to the jurisdiction.

Having concluded that the trial court erred in denying the Department's plea to the jurisdiction we vacate the court's order and render judgment that the Department's plea to the jurisdiction is granted. *See* Tex. R. App. P. 43.3. Because the trial court lacked jurisdiction over Wallace's suit for judicial review, we dismiss this cause for want of jurisdiction.

## CONCLUSION

The trial court's order denying the Department's plea to the jurisdiction is vacated. We render judgment granting the Department's plea to the jurisdiction and dismiss this cause for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed: January 31, 2013