# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00303-CV

**Lost Pines Groundwater Conservation District; Aqua Water Supply Corporation; City of Elgin; Environmental Stewardship; Recharge Water, LP; and Andy Wier, Appellants**

**v.**

**Lower Colorado River Authority, Appellee**

---

## FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY
## NO. 2130-335, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Lost Pines Groundwater Conservation District (the District); Aqua Water Supply Corporation; the City of Elgin; Environmental Stewardship; Recharge Water, LP; and Andy Wier appeal from the trial court's order denying the District's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing person to appeal from interlocutory order granting or denying plea to jurisdiction by governmental unit). For the following reasons, we reverse the trial court's order and render judgment dismissing the case for lack of jurisdiction.

## BACKGROUND

The District regulates groundwater use in Bastrop and Lee Counties and issues permits for the operation of groundwater wells and the transportation of groundwater. *See* Tex.

Spec. Dist. Code §§ 8849.002 (stating that District is groundwater conservation district), 8849.004 (stating that District's boundaries generally are coextensive with boundaries of Bastrop and Lee Counties); Tex. Water Code §§ 36.113 (addressing required permits for operating groundwater wells), 36.122 (addressing required permits for transferring groundwater out of district).

In 2018, the Lower Colorado River Authority (LCRA) submitted applications for operating and transport permits to the District. *See* Tex. Water Code §§ 36.113, .122. The District contracted with the State Office of Administrative Hearings (SOAH) to conduct a contested case hearing on the applications. *See id.* §§ 36.406(a)(3) (listing hearing conducted by SOAH among authorized types of hearings), .416 (addressing applicable rules when hearing conducted by SOAH); *see also id.* § 36.4051 (addressing preliminary hearing and requests for contested case hearings). Multiple parties participated in the administrative proceeding including Aqua Water Supply Corporation; the City of Elgin; Environmental Stewardship; Recharge Water, LP; and Andy Wier (collectively, "Intervenors").

The SOAH hearing was conducted by two administrative law judges who issued a proposal for decision (PFD). After considering the PFD, the District's Board voted to grant LCRA's requested permits with modifications. *See id.* § 36.4165 (authorizing board to make final decision on consideration of PFD issued by ALJ). By written order, signed on November 15, 2021, the District issued an order approving a final decision on LCRA's applications for permits ("November 2021 order"). On November 22, 2021, LCRA filed a motion for rehearing; on February 16, 2022, the District granted LCRA's motion for rehearing; on May 18, 2022, the District issued an order adopting a final decision on the rehearing of

LCRA's applications for permits ("May 2022 order"); and on June 7, 2022, LCRA filed a second motion for rehearing.

On July 8, 2022, LCRA filed an original petition for judicial review. *See id.* §§ 36.251(a) (authorizing suits against District by person affected by and dissatisfied with order made by district, including appeal of decision on permit application), .413(b) (authorizing applicant or party to contested case hearing on permit application to file suit against District under Section 36.251). In its petition, LCRA stated that it was filing its petition for judicial review out of "an abundance of caution" prior to the District's action, if any, on LCRA's second motion for rehearing, which remained pending before the District. On September 23, 2022, LCRA filed an amended petition, incorporating and recognizing the overruling of its second motion for rehearing by operation of law because the "District did not take action on the Second MFR before the 91st day after the Second MFR was submitted." *See id.* § 36.412(e) (stating that "failure of the board to grant or deny a request for rehearing before 91st day after the date the request is submitted is a denial of the request").

Intervenors filed petitions to intervene in LCRA's suit. *See id.* § 36.251(b) (stating that "district, the applicant, and the parties to a contested case hearing may participate in an appeal of a decision on the application that was the subject of that contested case hearing"). LCRA challenged the interventions. The trial court initially struck the petitions to intervene but vacated those orders, and Intervenors remain parties in the trial court proceeding.

The District filed a plea to the jurisdiction based on its governmental immunity from suit. Relying on LCRA's second motion for rehearing that remained pending when it filed its original petition, the District contended that LCRA filed its suit prematurely and, thus, had not complied with the statutory deadlines for perfecting appeal to invoke the trial court's jurisdiction.

3

Following a hearing, the trial court signed an order denying the District's plea. The District timely brought this interlocutory appeal from that order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).[1]

## ANALYSIS

### Standard of Review

"Like other governmental entities, groundwater districts have governmental immunity unless the Legislature has waived the district's right to governmental immunity." *End Op, L.P. v. Meyer*, No. 03-18-00049-CV, 2018 Tex. App. LEXIS 6934, *3 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (citing *Lone Star Groundwater Conservation Dist. v. City of Conroe*, 515 S.W.3d 406, 412 (Tex. App.—Beaumont 2017, no pet.)); *see also Matzen v. McLane*, 659 S.W.3d 381, 387–88 (Tex. 2021) ("Sovereign immunity protects the State of Texas and its agencies and subdivisions from suit and from liability." (citing *PHI, Inc. v. Texas Juv. Just. Dep't*, 593 S.W.3d 296, 301 (Tex. 2019))). "Unlike immunity from liability, immunity from suit deprives the courts of jurisdiction and thus completely bars the plaintiff's claim." *End*

---

[1] Intervenors filed pleas to the jurisdiction in the trial court, but the trial court has not ruled on their pleas, and they filed a joint notice of appeal from the trial court's order denying the District's plea.

Pending before this Court is LCRA's motion to dismiss Intervenors' appeals for lack of appellate jurisdiction. Because we conclude that the trial court did not have subject-matter jurisdiction, we dismiss this motion as moot. Although we ultimately agree with Intervenors' position that LCRA filed its suit too late to invoke the trial court's jurisdiction, our decision is based on precedent from this Court that dictates this disposition. *See Texas Comm'n on Env't. Quality v. Bonser-Lain*, 438 S.W.3d 887, 891 (Tex. App.—Austin 2014, no pet.) (stating that subject-matter jurisdiction is essential to authority of court to decide case, that it is never presumed and cannot be waived, and that it may be raised sua sponte by reviewing court (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993))); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012) (holding that appellate court could consider sovereign immunity issue raised for first time in interlocutory appeal).

*Op*, 2018 Tex. App. LEXIS 6934, at \*3 (quoting *Lubbock Cnty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014)).

Because immunity implicates the courts' jurisdiction, it "is properly raised in a plea to the jurisdiction." *See Matzen*, 659 S.W.3d at 388 (citing *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). Relevant here, when a government defendant challenges jurisdiction based on immunity, the plaintiff must affirmatively demonstrate the trial court's subject-matter jurisdiction by alleging a valid waiver of immunity. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (stating that plaintiff has burden "to affirmatively demonstrate the trial court's jurisdiction" and that burden includes establishing waiver of immunity in suits against government). In this context, "a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

Whether a trial court has subject-matter jurisdiction is a question of law, and we review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law." *Id.*

**Trial Court's Subject-Matter Jurisdiction over LCRA's Suit**

The legislature has provided a limited waiver of immunity for judicial review of the District's orders on permit applications. *See* Tex. Water Code § 36.251. The parties agree that jurisdictional prerequisites to suit to invoke the trial court's jurisdiction here required LCRA's petition for judicial review to "be filed after all administrative appeals to the district

5

[were] final," *see id.* § 36.251(c), and that when a timely motion for rehearing is filed, there is a 60-day window "after the date on which the [district's] decision becomes final" for filing suit against the district, *see id.* § 36.413(b) (when timely motion for rehearing is filed, authorizing applicant or party to contested case hearing to "file a suit against the district under Section 36.251 to appeal a decision on a permit or permit amendment application not later than the 60th day after the date on which the decision becomes final"); *see also Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) (explaining that appeal from administrative agency is not matter of right and that strict compliance with statute is required to vest district court with jurisdiction (citing *Texas Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied))). The parties also agree that when a motion for rehearing is timely filed, a decision by a district is final when a motion for rehearing is denied or it is overruled by operation of law, but they disagree on the applicable statute for determining when a pending motion for rehearing is overruled by operation of law and join issue with whether LCRA filed its petition during the 60-day window for filing suit to invoke the trial court's jurisdiction.

LCRA contends that it filed its suit before 60 days after the May 2022 order became final. *See* Tex. Water Code § 36.413(a)(2)(B) (stating that when request for rehearing is filed on time, decision by board on permit application is final on date board "renders a written decision after rehearing"), (b). Relying on Section 36.412(e) of the Texas Water Code, LCRA contends that the Board had 91 days to decide LCRA's initial motion for rehearing from the November 2021 order and that the Board's decision in February 2022 to grant that motion occurred before it would have been overruled by operation of law. *See id.* § 36.412(e). Section

6

36.412(e) provides that "[t]he failure of the board to grant or deny a request for rehearing before the 91st day after the date the request is submitted is a denial of the request." *Id.*

In contrast, Intervenors contend that the trial court does not have jurisdiction because LCRA's initial motion for rehearing was overruled by operation of law on January 9, 2022, which was 55 days after the November 2021 order was issued, and LCRA did not file its suit within 60 days of the finality of the November 2021 order. *See id.* § 36.413(b). Intervenors rely on Sections 2001.144 and 2001.146(c) of the Administrative Procedure Act (APA) and Section 36.416(a) of the Texas Water Code. *See* Tex. Gov't Code §§ 2001.144, 146(c); Tex. Water Code § 36.416(a). Section 36.416(a) provides that when a district contracts with SOAH to conduct a hearing, "the hearing shall be conducted as provided by Subchapters C, D, and F, Chapter 2001, Government Code." Tex. Water Code § 36.412(a). Sections 2001.144 and 2001.146(c) are within Subchapter F of the APA. Section 2001.144 addresses when a decision in a contested case is final, including addressing finality when a motion for rehearing is timely filed, *see* Tex. Gov't Code § 2001.144, and Section 2001.146(c) provides: "A state agency shall act on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law," *id.* § 2001.146(a).[2]

The District contends that Section 2001.144(a)(2)(B) of the APA applied and that because LCRA's second motion for rehearing remained pending with the District when LCRA filed its suit, LCRA's suit was prematurely filed and did not invoke the trial court's jurisdiction.

---

[2] Subchapter F of the APA is titled "Contested Cases: Final Decisions and Orders; Motions for Rehearing," and its provisions generally govern events and procedures following a contested-case hearing that has been conducted by the State Office of Administrative Hearings (SOAH). *See* Tex. Gov't Code §§ 2001.141–.147.

7

*See id.* § 2001.144(a)(2)(B) (stating that decision or order in contested case is final when latest filed motion for rehearing is overruled by operation of law); Tex. Water Code § 36.251(c) (stating that suit "may only be filed after all administrative appeals to the district are final"). Whether the District had 55 or 91 days to decide LCRA's second motion for rehearing, the motion remained pending because it filed its second motion for rehearing on June 7, 2022, and its petition for judicial review on July 8, 2022.

As support for their positions that provisions in the APA apply, both the District and Intervenors rely on this Court's opinion in *End Op*. In that case, as is the case here, the appellants sought judicial review of orders by the District concerning applications for operating and transport permits, and the District had contracted with SOAH to conduct the contested case hearing on the applications. *See* 2018 Tex. App. LEXIS 6934, at *1–2. The appellants sought judicial review of the District's order denying their request to be made parties to the contested case hearing and the final order granting the permit applications. *Id.* at *4. The trial court reversed the District's orders and ordered the District to withdraw the permits and allow appellants to participate as parties to a contested case hearing on the permit applications. *Id.* at *2. Based on "[u]ndisputed aspects" of the record, we did not address the parties' arguments raised on appeal, concluding that it was unnecessary to do so "as the predicate question of jurisdiction [was] dispositive of this appeal" and that the trial court lacked subject-matter jurisdiction over the appellants' suit for judicial review of the District's order. *Id.* at *2–3, *5. We reversed the trial court's holding regarding jurisdiction, vacated the remainder of the trial court's judgment, and dismissed the case. *Id.* at *8.

Relevant to the disposition of this case, we recognized in our analysis in *End Op* that the District generally has governmental immunity from suit but that Section 36.251 of the

Texas Water Code provides a limited waiver of immunity for suits against the District. *Id.* at *3–4 (citing Texas Water Code § 36.251). We then determined that the appellants had failed to timely file their petition to challenge the District's order regarding party status, explaining:

> [Appellants] failed to timely petition for review of the District's order regarding party status, which issued on January 19, 2015. A suit for review of that order can "only be filed after all administrative appeals to the district are final." [Tex. Water Code] § 36.251(c). Administrative appeal of that order is governed by "Subchapters C, D, and F, Chapter 2001, Government Code." *Id.* § 36.416. Accordingly, these administrative appeals were "final" when the [appellants'] motion for rehearing was overruled by operation of law on March 15, 2015. *See* Tex. Gov't Code §§ 2001.144(a)(2) (defining finality), .146(c) (allowing 55 days for decision before motion is denied by operation of law).

*Id.* at *4–5. Relying on Section 36.416 of the Texas Water Code, we determined that the 55-day deadline in Section 2001.146(c) of the APA was the applicable statutory deadline for a district to determine a motion for rehearing before the motion was overruled by operation of law and that Section 2001.144 of the APA was the applicable statutory provision to determine when the District's order was final. *Id.* (citing Tex. Gov't Code §§ 2001.144(a)(2), .146(c); Tex. Water Code § 36.416).

Although the appellants had timely filed a motion for rehearing with the District, they did not wait for a decision on the motion before seeking judicial review. *Id.* at *5. As a result, this Court concluded that the trial court did not have jurisdiction because the appellants' petition was prematurely filed. *Id.* at *5–6. We explained that the legislature had recently amended the APA to extend waiver of immunity to reach certain prematurely filed suits for judicial review but that the amendment to the APA—Section 2001.176(a)—was in Subchapter G and, thus, did not apply to the appellants' suit against the District. *Id.* (explaining that Section 36.416 subjected groundwater permit hearings to Subchapters C, D, and F of APA but

9

not Subchapter G); *see also* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

Bound by our analysis and disposition in *End Op*, we must conclude that the 55-day deadline in Section 2001.146(c) of the APA applies here. *See End Op*, 2018 Tex. App. LEXIS 6934, at *4–6, *8; *see also Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) ("addressing how a Texas appellate court, 'under principles of stare decisis,' should determine its own binding precedent" and explaining that "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision"); *Stanley v. Wells Fargo Bank*, No. 03-14-00376-CV, 2015 Tex. App. LEXIS 8848, at *5–6 (Tex. App.—Austin Aug. 25, 2015, pet. denied) (mem. op.) (declining to disregard prior opinion from Court); *Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court."); *see also* Tex. R. App. P. 41.2(c) (stating that en banc consideration is disfavored). And it is undisputed that if the 55-day deadline applies here, LCRA's initial motion for rehearing was overruled by operation of law on January 9, 2022, starting the 60-day period for LCRA to file its petition for judicial review, but it did not file suit until July 8, 2022. Thus, it follows that by filing its suit past the deadline for doing so, LCRA failed to comply with the statutory prerequisites for seeking judicial review of the District's decision on the permit applications. *See* Tex. Gov't Code § 311.034; *End Op*, 2018 Tex. App. LEXIS 6934, at *4–6, *8.

LCRA contends that we are not bound to follow our determination in *End Op* concerning the applicability of provisions in the APA because it was dicta and wrong.[3] LCRA argues that the "key issue here was not briefed in *End Op*" and that this "Court introduced that issue on its own." LCRA further argues that "[t]he decisive legal question here—whether the proceeding before the District was governed by the APA or Water Code—was not dispositive in *End Op*" because in that case, the appellants' "suit would have been premature under *either* the APA or the Water Code deadline." In contrast, if the 91-day deadline in Section 36.412(e) of the Texas Water Code applies in this case—not the 55-day deadline in Section 2001.146(c) of the APA—the District granted LCRA's initial motion for rehearing before it was overruled by operation of law. *See* Tex. Gov't Code § 2001.146(c); Tex. Water Code § 36.412(e).

We, however, cannot agree with LCRA that our determination concerning the applicability of the 55-day deadline in Section 2001.146(c) of the APA was dicta. The Texas Supreme Court has defined dictum as:

> An opinion expressed by a court, but which, not being necessarily involved in the case, lacks the force of an adjudication; . . . an opinion of a judge which does not embody the resolution or determination of the court, and made without argument, or full consideration of the point.

*Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 399 (Tex. 2016) (quoting *Grigsby v. Reib*, 153 S.W. 1124, 1126 (Tex. 1913)). "When determining whether a statement is dictum, we look to the language and structure of the opinion." *Id.* (citing *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964)).

---

[3] LCRA does not seem to dispute that if we are bound by our determination in *End Op* that the 55-day deadline in Section 2001.146(c) applies, we must conclude in this case that LCRA filed its petition outside the 60-day window for doing so.

Looking to the language and structure of the opinion in *End Op*, we observe that the question before us in that case was whether the appellants' suit for judicial review against the District was filed within the applicable 60-day period following the finality of the District's order, and in answering this question, this Court expressly determined that the provisions in Subchapter F of the APA applied, including the 55-day deadline in Section 2001.146(c), and relied on that determination in reaching our ultimate disposition that the trial court did not have jurisdiction over the appellants' challenge to the District's order regarding party status. *See End Op*, 2018 Tex. App. LEXIS 6934, at *4–6. The suit in *End Op* also involved parties attempting to seek judicial review of an order by the District on a permit application following a contested case hearing by SOAH. *See id.* at *1–2. Thus, based on the language and structure of the opinion in *End Op*, we conclude that our determination that the 55-day deadline in Section 2001.146(c) of the APA applied was not dicta and that we must follow it here. *See Seger*, 503 S.W.3d at 399; *see also Texas State Bd. of Pharmacy v. Witcher*, 447 S.W.3d 520, 538 (Tex. App.—Austin 2014, pet. denied) (concluding that relevant statements in Court's prior opinion were not dictum and that we continued to be bound by holdings).

LCRA also relies on the parties' actions during the administrative appeal before the District when LCRA's initial motion for rehearing was pending, representing that no one asserted that LCRA's initial motion for rehearing had been overruled by operation of law 55 days after the District issued its November 2021 order and that everyone participated in the subsequent rehearing process after the District granted LCRA's initial motion for rehearing. But a district's subsequent actions of granting a motion for rehearing and issuing a final order on rehearing would not impact the finality of its order that had already been overruled by operation

of law or operate to extend the deadline for filing a petition for judicial review.[4] *See Jones*, 315 S.W.3d at 243 (concluding that board's subsequent action after motion for rehearing was overruled that was inconsistent with order's finality did not impact deadline for filing petition for judicial review); *Sfair*, 786 S.W.2d at 27–28 (stating that despite agency's subsequent action of sua sponte granting motion for rehearing and engaging in subsequent proceedings, decision became final when motion for rehearing was initially overruled and appellate timetable began running on that date).

As we recognized in *Jones*, "An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction." 315 S.W.3d at 243 (quoting *Sfair*, 786 S.W.2d at 27); *see also Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011) (stating that there is no waiver-of-conduct exception to governmental entity's immunity from suit). In reaching our decision in *Jones* that the appellant had not complied with the statutory deadline to invoke the trial court's jurisdiction, we also observed the importance of construing statutory deadlines "to allow parties to rely on the finality of agency decisions" because, "[w]ithout a mandatory adherence to the time limits specified in the [APA], the finality of administrative

---

[4] If the 55-day deadline of Section 2001.146(c) applies, LCRA appears to agree that the District lacked the power to take the subsequent actions that it did of undertaking a rehearing process and issuing the May 2022 order on rehearing. Addressing the District's position as to the applicable statutory deadline for the District to act on a motion for rehearing, LCRA states:

> This is an awkward issue for the District, because arguing that it had only 55 days to rule on the MFR (when it ruled on the 86th day) would concede that the District undertook a meaningless rehearing process—including extensive briefing by the parties, oral argument to the Board, and a modified decision—when it would have lacked the power to do so.

agency decisions would be uncertain and not in the public interest." 315 S.W.3d at 243 (quoting *Houston Mobilfone, Inc. v. Public Util. Comm'n of Tex.*, 565 S.W.2d 323, 327 (Tex. App.— Eastland 1978, no writ)).

In conclusion, we determined in *End Op* that in the context of a suit for judicial review following an administrative appeal to the District after a contested case hearing before SOAH, the 55-day deadline in Section 2001.146(c) of the APA applies for calculating when a motion for rehearing has been overruled by operation of law. *End Op*, 2018 Tex. App. LEXIS 6934, at *4–5. Bound by this determination, we apply the 55-day deadline here and conclude that the trial court lacked subject-matter jurisdiction over LCRA's suit for judicial review because LCRA did not file its suit within 60 days of the date on which the November 2021 order became final. *See id.* (citing Tex. Gov't Code §§ 2001.144(a)(2), .146(c); Tex. Water Code § 36.416(a)); *see also* Tex. Water Code § 36.413(b); *Mitschke*, 645 S.W.3d at 256 (discussing principle of stare decisis).

## CONCLUSION

For these reasons, we reverse the trial court's order denying the District's plea and render judgment dismissing LCRA's suit for lack of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis
    Concurring Opinion by Chief Justice Byrne, Joined by Justice Smith

Reversed and Rendered

Filed:   June 28, 2024

14