**TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellant,**

v.

**Jack J. BLANKFIELD, D.D.S., Appellee.**

**No. 153.**

Court of Civil Appeals of Texas.

Houston (14th Dist.)

Oct. 9, 1968.

Rehearing Denied Nov. 6, 1968.

**180**

Crawford C. Martin, Atty. Gen., Nola White, A. J. Carubbi, Jr., J. C. Davis, Pat Bailey, Asst. Attys. Gen., Austin, for appellant.

Arthur J. Mandell, Mandell & Wright, Houston, for appellee.

BARRON, Justice.

This is an appeal from a judgment entered against the appellant, Texas State Board of Dental Examiners, setting aside the order of appellant suspending the license of appellee, Dr. Jack J. Blankfield, to practice dentistry in the State of Texas for a period of one year. Dr. Blankfield had been charged with violating sub-sections (c), (d) and (h) of Art. 4549, Vernon's Civil Statutes. Notice was given by the Board to Dr. Blankfield that there would be a hearing before the Board concerning the alleged violations. On September 25, 1965, such hearing was held before the Board of Dental Examiners, and on January 22, 1966, the Board entered an order suspending the license of appellee to practice dentistry in the State of Texas for a period of one year, such suspension to commence on the 15th day of March, 1966. The order of the Board suspending the license was appealed by Dr. Blankfield to the District Court of Harris County, Texas, by a suit filed by appellee on the 13th day of April, 1966. The appellant, Texas State Board of Dental Examiners, has appealed to this court from the summary judgment entered by the trial court sustaining appellee's motion and setting aside the Board's order of suspension.

Appellant contends that the trial court erred in entering the summary judgment because the record shows that there exists a genuine issue as to a material fact; because the record fails to establish, as a matter of law, that the order of suspension was unreasonable, arbitrary or capricious and did not find reasonable support in substantial evidence; because the appellee failed timely to appeal the order of appellant suspending his license, and in overruling appellant's

motion to strike the cause from the jury docket.

Appellee controverts the above contentions, and in addition contends that the words "dishonorable conduct" and "proper diligence" as used in the statute, in the conduct of a dentist's practice, without setting beforehand a course of conduct constituting such conduct or diligence, is violative of the due process clause of the state and federal constitutions, and that the applicable sections of Art. 4549, V.A.C.S., are so vague and indefinite as to be constitutionally void and unenforceable.

We are met at the threshold with a jurisdictional problem. A temporary restraining order and a temporary injunction were granted by the trial court on application of Dr. Blankfield enjoining the Board from enforcing or attempting to enforce its order suspending the license pending the final trial on the merits of this action. On April 15, 1966, appellant filed its motion to dismiss and plea to the jurisdiction of the district court alleging that the appeal was not timely and was not filed within the 30-day period allowed by the statute, Art. 4549. Such motions were overruled by the trial court on April 27, 1966, and appellant duly excepted to the rulings of the court.

On January 22, 1966, appellant entered its order suspending the dental license, the period of suspension being on the 15th day of March, 1966, and continuing through the 14th day of March, 1967. On March 14, 1966, appellee contacted Dr. R. T. Weber, Secretary of the Board of Dental Examiners, by telegram and requested that appellant extend the effective date of the suspension order from March 15, 1966 to May 1, 1966. The telegram is attached to appellant's plea to the jurisdiction. Also, on March 15, 1966, appellant, through Dr. Weber, received a telegram from the attorneys representing Dr. Blankfield, and the telegram requested that appellant extend the date on which the suspension of the doctor's license was to take effect. A copy of the telegram is also included in the rec-ord. On March 15, 1966, Dr. R. T. Weber, as Secretary of the Board, sent the following letter to appellee's attorneys:

"In answer to your request for extension of the beginning date of suspension period in this Board's Findings and Orders No. 1965–2, you are advised that I have polled the members of the Board by telephone and they are agreeable and have authorized me to advise you that the suspension date originally set to begin March 15, 1966, is hereby postponed to April 15, 1966, thus granting a thirty (30) day extension in the beginning date of such suspension, and the Board's Findings and Orders above referred to are hereby amended to reflect such change, and the ending date of such one year suspension shall be April 14, 1967."

No formal order concerning the delay of such suspension of appellee's license appears in the record.

On April 13, 1966, appellee filed for the first time his appeal from the order of suspension entered by appellant on January 22, 1966. The provisions of Art. 4549, Vernon's Civil Statutes, provide that:

"If said Board shall make and enter any order revoking or suspending any license or licenses as hereinabove provided, the person or persons whose license shall have been so revoked or suspended may *within thirty (30) days after the making and entering of such order,* take an appeal to the District Court of the County of the residence of the person or persons whose license shall have been so revoked or suspended, by filing an appropriate petition for such purpose. * * *" (Emphasis added).

■ Under the clear wording of Art. 4549, if the appellee sought to appeal his order of suspension entered by appellant on January 22, 1966, it was necessary that such appeal be made by February 21, 1966. The undisputed record before the trial court and before this court discloses that no ap-

peal was taken from the order of suspension until April 13, 1966.

After the time provided for in the statute to appeal the order had expired, appellee sought to have appellant postpone the commencement date of the suspension period. The appellant acquiesced in this request and informed appellee that the beginning date of the suspension period would be postponed from March 15, 1966, until April 15, 1966. After the expiration of an additional twenty-nine days the appellee filed his appeal from the order in the District Court of Harris County, Texas. This appeal was filed eighty-one days after the entry of the order of suspension by the Board.

Appellant contends that the trial court in overruling appellant's plea to the jurisdiction and motion to dismiss was in error for the reason that the trial court has thus extended the time allowed appellee to appeal the order of suspension beyond the time limit set forth in Art. 4549. Appellee contends that because the appellant on March 15, 1966 changed the commencement date of the suspension period that the time for calculating the thirty-day period in which to bring the appeal should be commenced on that date rather than on January 22, 1966.

On that date appellant informed the appellee that it would allow the suspension period to commence a month later, the time for appealing the order of suspension had already lapsed, and for all legal purposes, the order of suspension had become final. If this generous act, or new relief, on the part of the Board results in extending the period of time in which appellee had to perfect his appeal, then the statutory provision limiting the time for appeal from an order of suspension or revocation becomes meaningless and of little effect. The Board had no authority to extend or enlarge the statutory time set by the Legislature in which an individual, such as appellee, had to appeal from an order suspending or revoking his license.

In 1 Tex.Jur.2d, Administrative Law, Sec. 30, it is stated that:

"Generally, an administrative agency may rescind its action on a matter *that has not become final.* And provisions may be made for agencies to review their own orders. Under a statute providing for such review, an agency may modify or revise its order where, for example, it appears that the order is the result of mistake or fraud, or that conditions have changed since it was made. Similarly, under a rule of the agency, a motion for rehearing may be entertained within the time specified therein. But the power of an agency to review its own orders ceases when a review by the court is sought. *And when an order has become final, the agency may not reopen the matter and pass upon the same application or controversy a second time. * * *"*

(Emphasis added).

■ The subsequent relief requested by appellee was not for the purpose of correcting the record to make it speak the truth. Conley v. Conley, 229 S.W.2d 926 (Tex.Civ.App.), writ dismd., w. o. j. We assume that appellee regards the extension of time granted by the Board to be an amendment of its original order and in the nature of an order nunc pro tunc. But the purpose of a nunc pro tunc order is to record a judgment theretofore pronounced, and which has been imperfectly or erroneously entered. See Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041; Goodman v. Mayer, 133 Tex. 319, 128 S. W.2d 1156, opinion adopted; 33 Tex.Jur. 2d, p. 516 et seq., Secs. 28, 137 and 146. We recognize, of course, that the statements and rules above technically apply to judgments and orders of courts. But there is a parallel to be drawn since appellate review of an administrative order is involved, and the computation of time for appeal is important. When a judgment or order is entered nunc pro tunc, the right of appeal shall date from the date of rendition of the nunc pro tunc judgment

or order. Rule 306b, Texas Rules of Civil Procedure.

The extension of the beginning date of the Board's order after it became final being either new relief based upon a new request or application, and being unauthorized by the Board after time for appeal had elapsed, we consequently hold that the trial court acquired no jurisdiction of the attempted appeal from the Board's order. See Sheehan v. Southern Pacific Co., 422 S.W.2d 948 (Tex.Civ.App.), writ ref., n. r. e.

The order of Texas State Board of Dental Examiners suspended the license beginning March 15, 1966 to continue through March 14, 1967, "provided, however, should this order be suspended or set aside as provided by law then such order shall become effective upon the date of such order of the Texas State Board of Dental Examiners is finally adjudicated." As noted above, the trial court granted a temporary restraining order and a temporary injunction pending adjudication of this action in favor of appellee for his protection. We hold that effective safeguards as to the time of suspension have been provided for in the Board's order, and that the questions involved are not moot. Also see and compare, Department of Public Safety v. Austin, 163 Tex. 280, 354 S.W.2d 376; Texas Real Estate Commission v. Hayter, 338 S.W.2d 771 (Tex. Civ.App.), no writ; Texas State Board of Dental Examiners v. Fieldsmith, 242 S.W. 2d 213, 26 A.L.R.2d 990 (Tex.Civ.App.), writ ref., n. r. e., and Lackey v. State Board of Barber Examiners, 113 S.W.2d 968 Tex. Civ.App), no writ.

The case is reversed and remanded to the trial court with directions that the attempted appeal from the Board's order be dismissed for want of jurisdiction.

TUNKS, C. J., not participating.