COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



|                                                                                                 | §   |                            |
| ----------------------------------------------------------------------------------------------- | --- | -------------------------- |
| THE CITY OF EL PASO, TEXAS,                                                                      | §   |                            |
| Appellant,                                                                                       | §   | No. 08-12-00243-CV         |
| v.                                                                                               | §   | Appeal from                |
| HAROLD COLLINS AND CATHERINE TEAGUE-COLLINS, INDIVIDUALLY AND AS NEXT FRIENDS OF JADE COLLINS, A | §   | 171st District Court       |
| MINOR, AND JASMINE COLLINS, A MINOR,                                                             | §   | of El Paso County, Texas   |
|                                                                                                 | §   | (TC # 2009-2736)           |
| Appellees.                                                                                       | §   |                            |

## **O P I N I O N**

The City of El Paso appeals from an order denying its plea to the jurisdiction arising from a lawsuit involving injuries to a child at a City swimming pool. For the reasons that follow, we affirm in part, reverse and render in part, and reverse and remand in part.

## FACTUAL SUMMARY

Six-year-old Jade Collins and her twin sister, Jasmine, were under the care and control of Children's Place Daycare on June 13, 2008. The Daycare transported the twins to Veterans' Park Swimming Pool which is owned, operated, and maintained by the City. Jade, who did not know how to swim, went unsupervised into an area of the pool where she could not stand up and remained under water for a long period of time. Someone pulled Jade out of the water but she

was unconscious and suffered substantial injuries as a result of the near-death drowning. The petition alleges that the Daycare and the City permitted the children to swim in a pool that appeared to be extremely cloudy to the point that black lines at the bottom of the pool could not be seen.

Appellees sued the Daycare for negligence and gross negligence. Asserting that the incident was caused by a defective filtration system in the pool, the Daycare filed a motion to designate the City as a responsible third party.[1] The trial court granted that motion. Appellees amended their petition and added the City as a defendant. In their fifth amended petition, Appellees alleged three causes of action against the City. They incorporated the Daycare's motion to designate the City as a responsible third party and named the City as a defendant on this basis. Appellees also alleged premises liability and negligence claims against the City. The City filed a plea and supplemental pleas to the jurisdiction to challenge each cause of action. The trial court denied the plea and the City brought this interlocutory appeal.

## RESPONSIBLE THIRD PARTY

In its first issue, the City challenges the denial of its plea to the jurisdiction regarding Appellees' incorporation of the Daycare's responsible third party designation as an independent cause of action. Under Section 33.004(a) of the Civil Practice and Remedies Code, a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(a)(West Supp. 2013). The trier of fact must determine the proportionate responsibility of each claimant, defendant, settling person, and designated responsible third party. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.003(a)(West 2008). The filing or granting of a motion

---

[1] *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(a)(West Supp. 2013). The Daycare also designated the drain cover vendor and the manufacturer of the filtration system as responsible third parties.

for leave to designate a person as a responsible third party does not impose liability against that person and may not be used in any other proceeding, on the basis of *res judicata*, collateral estoppel, or any other legal theory, to impose liability on that person. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 33.004(i)(1), (2).

The City argues that Appellees' incorporation and adoption of the Daycare's responsible third party designation does not invoke the trial court's subject matter jurisdiction because a responsible third party designation does not establish liability against a party, but merely is a procedural tool that allows the party's proportionate responsibility to be considered by the trier of fact. The City is correct that the filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person "does not by itself impose liability on the person." TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(i)(1). To the extent Appellees' pleadings seek to impose liability on the City based solely on the responsible third party designation and without establishing a waiver of the City's immunity, the trial court erred by denying the City's plea to the jurisdiction.

The City also contends that the pleadings do not satisfy the pleading requirements under the Texas Rules of Civil Procedure and do not provide the City with fair notice of a claim. While a person may object under Section 33.004(g) to a motion for leave to designate a responsible third party on the ground that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure, the record does not reflect that the City made such an objection in the trial court or that the trial court ruled on it. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(g)(1); TEX.R.APP.P. 33.1. More importantly, the City cites no authority supporting a conclusion that this issue can be raised in a plea to the jurisdiction or that it can be considered in this

interlocutory appeal.

The City's complaints regarding alleged deficiencies in the pleadings and lack of notice do not constitute a challenge to the trial court's subject matter jurisdiction. The City is permitted to appeal a trial court's denial of its plea to the jurisdiction under Section 51.014(a)(8) of the Civil Practice and Remedies Code, regardless of the basis on which it asserts a lack of jurisdiction. *See Texas Department of Transportation v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.--Austin 1999, no pet.). A governmental unit's challenge to the court's subject matter jurisdiction need not be based upon a claim of sovereign immunity for it to bring an interlocutory appeal under Section 51.014(a)(8). *Id.* We bear in mind, however, that Section 51.014(a)(8) is a narrow exception to the general rule that only final judgments and orders are appealable, and for that reason, the statute must be strictly construed. *Id.* We conclude that our appellate jurisdiction in this interlocutory appeal is limited to the issues of subject-matter jurisdiction. *See Houston Independent School District v. 1615 Corporation*, 217 S.W.3d 631, 635 (Tex.App.--Houston [14th Dist.] 2006, pet. denied). Consequently, we will not address this aspect of Issue One because we lack jurisdiction to do so. Issue One is otherwise sustained.

## PREMISES LIABILITY

In its second issue, the City contends that the trial court erred by denying its plea to the jurisdiction with respect to the premises liability claim because Appellees' pleadings (1) do not demonstrate gross negligence; (2) affirmatively negate that the City owed them any duty; and (3) affirmatively negate that the City's conduct proximately caused the injuries.

### Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635,

638 (Tex. 2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of El Paso v. Mazie's, L.P.*, 408 S.W.3d 13, 18 (Tex.App.--El Paso 2012, pet. denied). The plaintiff shoulders the burden of alleging facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Mazie's*, 408 S.W.3d at 18. Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law which we review *de novo*. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mazie's*, 408 S.W.3d at 18. In a plea to the jurisdiction, a defendant may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226. The City's plea to the jurisdiction is directed exclusively at the pleadings. Accordingly, our review is restricted to the pleadings and we will construe them liberally in favor of conferring jurisdiction. *See Texas Department of Transportation v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).

"Sovereign immunity protects the State from lawsuits for money damages." *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006), *quoting Texas Natural Resources Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Political subdivisions of the state, including cities, are entitled to such immunity--referred to as governmental immunity--unless it has been waived. *Reata*, 197 S.W.3d at 374.[2] Sovereign immunity encompasses immunity from suit, which bars a suit unless the state has consented, and immunity from liability, which protects the state from judgments even if it has consented to the suit. *Id.* Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction. *See*

---

[2] The terms sovereign immunity and governmental immunity are often used interchangeably. In this opinion, we will use the term sovereign immunity.

*id.*; *Miranda*, 133 S.W.3d at 224.

Sections 101.021 and 101.022 of the Texas Tort Claims Act (TTCA) allow suits against governmental units only in cases involving the operation or use of motor vehicles, Section 101.021(1), premises liability, Sections 101.021(2) and 101.022, or the "condition or use of tangible personal . . . property," § 101.021(2). TEX.CIV.PRAC.&REM.CODE ANN. § 101.021, 101.022 (West 2011). Appellees have asserted a premises liability claim and a claim for personal injury caused by the condition or use of tangible personal property under Section 101.021(2).[3]

The elements of a premises liability cause of action are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Company*, 845 S.W.2d 262, 264 (Tex. 1992). The TTCA provides a limited waiver of immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2)(West 2011); *see also University of Texas at Austin v. Hayes*, 327 S.W.3d 113, 115-16 (Tex. 2010). Section 101.022(a) provides that if a claim arises from a premise defect, the governmental entity owes to the claimant only the duty that a private person owes to a licensee on private property, unless the

---

[3] Issue Two relates to the premises liability claim while Issue Three pertains to Appellees' negligence claim.

claimant pays for the use of the premises. TEX.CIV.PRAC.&REM.CODE ANN. § 101.022(a); *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex.App.--Dallas 2009, no pet.). Section 101.058 further modifies a governmental unit's waiver of immunity from suit by imposing the liability limitations articulated in the Recreational Use Statute. *Miranda*, 133 S.W.3d at 225, *citing* TEX.CIV.PRAC.&REM.CODE ANN. § 101.058; *see* TEX.CIV.PRAC.&REM.CODE ANN. § 75.003(g) (providing that chapter 75 controls over chapter 101 to extent chapter 75 limits liability of governmental unit under circumstances in which governmental unit would be liable under chapter 101).

The Recreational Use Statute provides as follows:

(a) An owner, lessee, or occupant of agricultural land:

(1) does not owe a duty of care to a trespasser on the land; and

(2) is not liable for any injury to a trespasser on the land, except for wilful or wanton acts or gross negligence by the owner, lessee, or other occupant of agricultural land.

(b) If an owner, lessee, or occupant of agricultural land gives permission to another or invites another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

(1) assure that the premises are safe for that purpose;

(2) owe to the person to whom permission is granted or to whom the invitation is extended a greater degree of care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted or to whom the invitation is extended.

(c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

(1) assure that the premises are safe for that purpose;

(2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

(d) Subsections (a), (b), and (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.

TEX.CIV.PRAC.&REM.CODE ANN. § 75.002 (West 2011).

The Recreational Use Statute limits a landowner's liability as a premises owner when the plaintiff engages in recreation on the premises. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 75.001-.003 (West 2011 & Supp. 2012); *Stephen F. Austin State University v. Flynn*, 228 S.W.3d 653, 659-60 (Tex. 2007). When injury or death results on government-owned, recreational land, the Recreational Use Statute limits the governmental unit's duty to that owed by a landowner to a trespasser. TEX.CIV.PRAC.&REM.CODE ANN. § 75.002(c)(2), (f)(defining duty as that owed to trespasser). At common law, the only duty a premises owner owes a trespasser is the duty not to injure him willfully, wantonly, or through gross negligence. *State v. Shumake*, 199 S.W.3d 279, 285 (Tex. 2006); *Miranda*, 133 S.W.3d at 225; *Texas Utilities Electric Company v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997). When a landowner gives permission to or invites another to enter the premises for recreation, Section 75.002(d) provides a different duty than the common law trespasser standard. *See Shumake*, 199 S.W.3d at 286-87. It instead requires a showing of gross negligence, malicious intent, or bad faith. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 75.002(d); *Flynn*, 228 S.W.3d at 659 (noting that the statute effectively requires a showing of either gross negligence or an intent to injure). Therefore, a governmental unit waives sovereign immunity under the Recreational Use Statute and the TTCA if it is grossly negligent or it intends to injure. *Miranda*, 133 S.W.3d at 225; *Flynn*, 228 S.W.3d at 659.

- 8 -

*The Pleadings*

In their fifth amended petition, Appellees alleged that the City:

1.  'allowed the pool to be used by very small children, when the water appeared to be very cloudy, to the point that the black lines at the bottom of the pool were unnoticeable . . .';

2.  the pool had a defective drain, drain cover, and filtration system which allowed children to become entrapped or entangled, thereby creating a drowning hazard;

3.  the City maintained the pool, filtration system, suction outlet drain, drain cover, and pump in violation of several sections of the Texas Administrative Code;

4.  the City had actual knowledge that the filtration system had been malfunctioning prior to the incident;

5.  the children did not have actual knowledge of the dangerous condition on the premises;

6.  the City breached the duty of care because it caused or permitted the condition to exist and failed to warn Appellees of the condition on the premises; and

7.  the City's acts and omissions constitute gross negligence.

*Gross Negligence*

Appellees' pleadings include a conclusory allegation that the City's acts and omissions constitute gross negligence. The Legislature has defined gross negligence as an act or omission: (1) which when viewed objectively from the standpoint of the actor at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. TEX.CIV.PRAC.&REM.CODE ANN. § 41.001(11)(West 2008).

The pleadings do not specifically articulate that the cloudy water in the pool presented an extreme risk of death or injury, that the City was aware of the risk, or that it was consciously indifferent to the alleged capacity of the cloudy water to inflict death or serious injury. The cloudy water does by implication relate to the allegation that the pool's filtration system, drain,

and drain cover were defective and allowed "children to become entrapped or entangled, thereby creating a drowning hazard." These allegations, when taken as true, are sufficient to demonstrate that the defective condition of the drain presented an extreme risk of death or injury. While Appellees allege that the City had actual knowledge that "the pool's filtration system had been malfunctioning prior to the incident involving Plaintiffs" and the City "actually knew of the existence of the conditions," they do not allege that the City was aware of the extreme risk that children could become entrapped in the defective drain or that cloudy water prevented others from seeing that a child had been trapped. The City's immunity from suit is not waived with respect to this premises liability claim.

*Proximate Cause*

Even if Appellees' pleadings are sufficient to state gross negligence, they fail to allege that the City's acts or omissions related to that condition proximately caused the injuries. For there to be a waiver of the City's sovereign immunity, Appellees must allege facts demonstrating that personal injury or death were caused by a condition of the real property. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2). The pleadings allege that Jade Collins "went unsupervised into an area of the pool where she could not stand up and for which she did not know how to swim, resulting in her near death drowning." While the pleadings allege that the drain, drain cover, and filtration system are defective, they have not included any *factual* allegations that Jade nearly drowned because she became entangled or trapped in the drain or filtration system or that rescue was delayed because the cloudy water prohibited caretakers from observing what had occurred. Consequently, the pleadings fail to state that the City's alleged gross negligence proximately caused Appellees' injuries. Issue Two is sustained. Appellees have requested that they be given an opportunity to amend their pleadings. The City argues that

the pleadings affirmatively negate the existence of jurisdiction, and therefore, Appellees are not entitled to amend. *See Miranda*, 133 S.W.3d at 227. It also suggests that Appellees have previously amended their pleadings in response to the City's filing of its plea to the jurisdiction but have still failed to plead facts which demonstrate a waiver of immunity. *See Reata Construction Corporation*, 197 S.W.3d at 378 (affirming determination that plaintiff would be not be given opportunity to replead where the City twice filed special exceptions claiming that the plaintiff failed to state a cause of action for which the City could be liable under the Tort Claims Act, and the plaintiff amended its petition twice, but its pleadings still failed to demonstrate a waiver of immunity). This case is somewhat different from *Reata* because both parties have prevailed on appeal and it is not a case where the record demonstrates that the Appellees are unable to amend. Consequently, we conclude that Appellees should be allowed to the opportunity to replead in an attempt to cure the jurisdictional defects in their petition. *See Texas Department of Transportation v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011).

## NEGLIGENCE

In its third issue, the City complains that the trial court erred by denying its plea to the jurisdiction related to Appellees' "negligent activity" claims. It contends that Appellees have not "pled a negligent activity claim because they [have] merely recast their premises liability claim as a claim for negligent activity." Appellees respond that they alleged negligence, not negligent activity, and that their pleadings state a waiver of sovereign immunity for an injury caused by a condition or use of tangible personal property under Section 101.021(2) of the TTCA.

### *Negligent Activity vs. Negligence*

The lines between negligent activity and premises liability are sometimes unclear, since "almost every artificial condition can be said to have been created by an activity." *Del Lago*

*Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Nevertheless, a cause of action for premises liability is different from one for negligent activity. *Del Lago*, 307 S.W.3d at 787. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Del Lago*, 307 S.W.3d at 787, *quoting Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). Negligence in the context of a negligent activity claim means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have done or not done. *Del Lago*, 307 S.W.3d at 787. Negligence in the premises liability context generally means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier of land knows about or in the exercise of ordinary care should know about.[4] *Id.*, 307 S.W.3d at 787-88. In short, unlike a negligent activity claim, "a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We will examine the pleadings to determine whether Appellees have alleged a negligent activity claim as asserted by the City.

In their fifth amended petition, Appellees allege that the City's employees working at the pool:

1. used and misused the pool's filtration system, suction outlet drain, drainage cover, and pump by turning on the system when it knew it was malfunctioning to the point that: (1) the water became cloudy to the point that the black lines at the bottom of the pool were unnoticeable; and (2) the suction would cause a child to become entrapped in the suction and drain outlet;

2. misused the water in the swimming pool by putting the water into action or service when it was cloudy; and

---

[4] There is a further distinction in this particular case because the landowner's duty is modified by the Recreational Use Statute as stated in our discussion related to Issue Two.

3. furnished Appellees with inadequate or defective tangible personal property, namely, the pool water, the filtration system, the suction outlet drain, the drainage cover, and the pump;

4. the above-referenced items of personal property lacked integral safety components necessary for the safety of Appellees, namely, a drainage cover that would not allow a child to become entrapped or entangled in it, water that was clear, and a filtration system with a pump that would not allow the suction to become strong enough to pull a child under the water;

5. the employees owed Appellees a duty to use ordinary care; and

6. the employees breached that duty proximately causing injury to Appellees.

We do not read this portion of the pleading as stating a negligent activity claim. Appellees have instead alleged a negligence claim with the apparent intent of falling within Section 101.021(2)'s waiver of immunity based on *respondeat superior* for the use or misuse by the governmental unit's employees of tangible personal property. *See DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995)("There is no question that subsection 2 provides for governmental liability based on *respondeat superior* for the misuse by its employees of tangible personal property.").

*Argument Raised in Reply Brief*

In its reply brief, the City adds the argument that the pleadings fail to allege how its employees' conduct proximately caused the Appellees' injuries. The Rules of Appellate Procedure do not allow an appellant to raise an issue in a reply brief which was not included in its original brief. TEX.R.APP.P. 38.3. Consequently, the City has not preserved this argument for review. *See Few v. Few*, 271 S.W.3d 341, 347 (Tex.App.--El Paso 2008, pet. denied); *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 620 (Tex.App.--El Paso 2006, pet. denied). Even if preserved, the argument is without merit because the negligence pleadings contain allegations that the negligence of the City employees proximately caused Appellees' injuries.

The City has restricted its argument in Issue Three to the invalidity of the negligent

activity claim and it has not raised any other argument with respect to whether sovereign immunity is waived under Section 101.021(2). We have limited our analysis to the specific issues raised by the City and accordingly overrule Issue Three.

Having sustained Issue One, we reverse the trial court's order denying the plea to the jurisdiction as it applies to Appellees' responsible third party claim and render judgment dismissing that claim. Having sustained Issue Two, we reverse the trial court's order denying the plea to the jurisdiction as it applies to Appellees' premises liability claim and remand the cause to the trial court to allow Appellees an opportunity to amend their pleadings to cure the jurisdictional defects. Having overruled Issue Three, we affirm the trial court's order denying the plea to the jurisdiction as it applies to Appellees' negligence claim.


December 18, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.