

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| PECOS COUNTY, CITY OF | | |
| FORT STOCKTON, PECOS COUNTY | § | |
| WATER CONTROL AND | | |
| IMPROVEMENT DISTRICT NO. 1, | § | No. 08-12-00343-CV |
| MIDDLE PECOS GROUNDWATER | | |
| CONSERVATION DISTRICT AND ITS | § | Appeal from |
| DIRECTORS, AND BREWSTER | | |
| COUNTY GROUNDWATER | § | 83rd District Court |
| CONSERVATION DISTRICT, | | |
| | § | of Pecos County, Texas |
| Appellants, | | |
| | § | (TC # P-7047-83-CV) |
| v. | | |
| | § | |
| FORT STOCKTON HOLDINGS, L.P., | | |
| | § | |
| Appellee. | | |

## **O P I N I O N**

Pecos County, the City of Fort Stockton, Pecos County Water Control and Improvement District No. 1, Middle Pecos Groundwater Conservation District and its Directors, and Brewster County Groundwater Conservation District (collectively referred to as Appellants) have brought this interlocutory appeal to challenge an order denying their pleas to the jurisdiction.[1]  *See*

---

[1]  The Middle Pecos Groundwater Conservation District and its directors are represented by different counsel than Pecos County, the City of Fort Stockton, Brewster County Groundwater Conservation District, and the Pecos County Water Control and Improvement District No. 1.  The second group of appellants adopted the initial brief and the reply brief filed by the District and its directors, but their reply brief raises an additional argument as well.  The factual summary, where necessary, refers to the some of the appellants individually when setting forth the background of the case, but the opinion will refer to the Appellants collectively when addressing their arguments presented on appeal.

TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(8)(West Supp. 2013). We affirm.

## FACTUAL SUMMARY

Fort Stockton Holdings, L.P. (FSH) filed a permit application with the Middle Pecos Groundwater Conservation District (the District). The City of Fort Stockton, Pecos County, Brewster County Groundwater Conservation District, and the Pecos County Water Control and Improvement District No. 1 were admitted as parties to the hearing. On July 8, 2011, the District denied FSH's permit application after an evidentiary hearing. At FSH's request, the District issued findings of fact and conclusions of law. FSH subsequently filed a timely motion for rehearing but it was denied by operation of law.

To pursue an administrative appeal of the District's decision, FSH was required to file an original petition with the Pecos County District Clerk no later than the 60th day after the motion for rehearing was denied by operation of law. *See* TEX.WATER CODE ANN. § 36.413(b)(West 2008). It is undisputed that the due date fell on December 25, 2011, a Sunday. On December 21, 2011, FSH sent the original petition to the Pecos County District Clerk via Federal Express, but the District Clerk's Office was closed for official holidays on December 22 (Thursday), December 23 (Friday), and December 26 (Monday). Consequently, Federal Express did not deliver the petition until December 27, 2011. In an apparent effort to timely-file the petition pursuant to TEX.R.CIV.P. 5 (the Mailbox Rule), FSH deposited a duplicate original petition in the U.S. mail to the District Clerk on December 22, 2011, but it was not received and filed until December 27, 2011.

The District filed a plea to the jurisdiction asserting that FSH did not timely file the petition, and therefore, the trial court lacked jurisdiction to hear the case. Pecos County, the City of Fort Stockton, Pecos County Water Control and Improvement District No. 1, and Brewster

County Groundwater Conservation District intervened in the suit and filed pleas to the jurisdiction raising the same issues as the District and/or adopting the District's plea to the jurisdiction. Following a hearing, the trial court denied the pleas to the jurisdiction.

## JURISDICTION

In their sole issue, Appellants contend that the trial court erred by denying their pleas to the jurisdiction because FSH did not timely file its petition such that the District's immunity from suit is not waived.

### *Standard of Review*

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *City of El Paso v. Collins*, --- S.W.3d ----, 2013 WL 6665090 at *3 (Tex.App.--El Paso 2013, no pet. h.). The plaintiff shoulders the burden of alleging facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Collins*, --- S.W.3d ---, 2013 WL 6665090 at *3. Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law which we review *de novo*. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Collins*, --- S.W.3d ---, 2013 WL 6665090 at *3. Here, the jurisdictional facts are undisputed.

### *Governmental Immunity*

The District is a political subdivision of the State of Texas created under Article XVI, Section 59 of the Texas Constitution. *See* TEX.CONST. art. XVI, § 59; TEX.WATER CODE ANN. §§ 36.001(1), 36.001(15), 36.011(a)(West 2008 and Supp. 2013); Act of May 28, 1999, 76th

Leg., R.S., ch. 1331, 1999 TEX.GEN.LAWS 4536 (codified in TEX.SPEC.DIST.LOC.LAWS CODE Chapter 8851 (West Pamph. 2013)). Sovereign immunity protects the State from lawsuits for money damages. *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Political subdivisions of the state, such as the District, are entitled to this same immunity -- referred to as governmental immunity -- unless it has been waived.[2] *Reata*, 197 S.W.3d at 374.

A statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. TEX.GOV'T CODE ANN. § 311.034 (West 2013). Statutory prerequisites to a suit are jurisdictional requirements. *Id.* A suit against a governmental entity can be brought only in the manner indicated by the applicable statute. *Texas Department of Transportation v. York*, 284 S.W.3d 844, 846 (Tex. 2009). When construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity. *York*, 284 S.W.3d at 846.

*The Administrative Appeal Process*

An applicant may administratively appeal a decision of the board[3] on a permit or permit amendment application by requesting written findings and conclusions or a rehearing before the board not later than the 20th day after the date of the board's decision. TEX.WATER CODE ANN. § 36.412(a). When the board receives a timely written request, it is required to make written

---

[2]  The other appellants are also political subdivisions entitled to governmental immunity, but the focus of their pleas to the jurisdiction is FSH's failure to comply with the jurisdictional requirements of Section 36.413 of the Water Code and the alleged inapplicability of Section 311.014 of the Government Code and Rules 4 and 5 of the Texas Rules of Civil Procedure. Consequently, the opinion will not discuss governmental immunity as it applies to Pecos County, the City of Fort Stockton, the Brewster County Groundwater Conservation District, or the Pecos County Water Control and Improvement District No. 1.

[3]  The reference to "board" means the board of directors which is the governing body of the groundwater conservation district. *See* TEX.WATER CODE ANN. § 36.051.

findings and conclusions regarding its decision. TEX.WATER CODE ANN. § 36.412(b). The board must provide certified copies of the findings and conclusions to the person who requested them, and to each person who provided comments or each designated party, not later than the 35th day after the date the board receives the request. *Id.* A person who receives a certified copy of the findings and conclusions from the board may request a rehearing not later than the 20th day after the date the board issues the findings and conclusions. *Id.* The rehearing must be filed in the district office and state the grounds for the request. TEX.WATER CODE ANN. § 36.412(c). The failure of the board to rule on the request for a rehearing before the 91st day after the date the request for a rehearing is submitted constitutes a denial of the request. TEX.WATER CODE ANN. § 36.412(e). It is undisputed that FSH timely filed its request for findings and conclusions as well as its request for rehearing.

A decision by the board on a permit or permit amendment application is final if the board denies the request for rehearing. TEX.WATER CODE ANN. § 36.413(a)(2). An applicant or a party to a contested hearing may file suit against the district under Section 36.251 to appeal a decision on a permit or permit amendment application not later than the 60th day after the date on which the decision becomes final. TEX.WATER CODE ANN. § 36.413(b). FSH filed its request for a rehearing on July 28, 2011 and the District did not grant or deny the request before the 91st day after the request was filed. The request for rehearing was denied by operation of law pursuant to Section 36.412(e) on October 26, 2011. Consequently, the District's decision became final on that same date and FSH's suit was due to be filed "not later than the 60th day" after October 26, 2011. The parties agree that the due date for filing the suit was December 25, 2011, but disagree whether the time for filing the suit was extended to December 27, 2011 pursuant to Section 311.014 of the Texas Government Code and Rule 4 of the Texas Rules of

Civil Procedure.

Section 311.014 of the Government Code, titled "Computation of Time" provides:

(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

TEX.GOV'T CODE ANN. § 311.014(a), (b). Rule 4 of the Texas Rules of Civil Procedure

provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays, and legal holidays shall be counted for purpose of the three-day periods in Rules 21 and 21a, extending other periods by three days when service is made by mail.

If either Section 311.014 or Rule 4 applies, the due date for the filing of FSH's petition against the District was extended to Tuesday, December 27, 2011. Appellants contend that Section 311.014 and Rule 4 do not apply. We begin our analysis by considering whether Section 311.014 of the Code Construction Act applies to the Texas Water Code.

*Applicability of the Code Construction Act*

Appellants first argue that its immunity from judicial review of its decisions on permit applications is waived only if FSH strictly complies with the judicial review requirements set forth in the Texas Water Code. Section 36.413(b) authorizes judicial review of the District's decision and establishes the requirements:

- 6 -

(b) Except as provided by Subsection (c), an applicant or a party to a contested hearing may file a suit against the district under Section 36.251[4] to appeal a decision on a permit or permit amendment application not later than the 60th day after the date on which the decision becomes final.[5]

Chapter 36 of the Water Code does not contain any provisions for extending the due date of the petition seeking judicial review if the deadline falls on a weekend or holiday.

Chapter 311 of Government Code applies to each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program and to each amendment, repeal, revision, and reenactment of a code or code provisions by the 60th or a subsequent legislature. TEX.GOV'T CODE ANN. § 311.002(1), (2). The Texas Water Code was enacted by the 62nd Legislature. *See* TEX.WATER CODE ANN. § 1.001(a)(West 2008). Section 36.413 was added by an amendment enacted by the 79th Legislature. Acts 2005, 79th Leg., R.S., ch. 970, § 17, 2005 TEX.GEN.LAWS 3259, 3262. Section 1.002 of the Water Code, entitled "Construction of Code," expressly states: "The Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision in this code, except as otherwise expressly provided by this code." TEX.WATER CODE ANN. § 1.002(a)(West 2008). As noted by FSH, the Water Code does not expressly provide that Section 311.014 is inapplicable.

Appellants contend that Section 311.014 of the Government Code does not apply when determining whether FSH timely filed its suit against the District because it conflicts with or is inconsistent with Section 36.413(b). Section 36.052(a) of the Water Code provides:

---

[4] Section 36.251 provides: "A person, firm, corporation, or association of persons affected by and dissatisfied with any provision or with any rule or order made by a district is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order. The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may only be filed after all administrative appeals to the district are final." TEX.WATER CODE ANN. § 36.251.

[5] Subsection (c) prohibits judicial review if the applicant or party to a contested hearing did not timely file a request for rehearing. TEX.WATER CODE ANN. § 36.413(c).

Other laws governing the administration or operations of districts created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution, shall not apply to any district governed by this chapter. This chapter prevails over any other law in conflict or inconsistent with this chapter, except any special law governing a specific district shall prevail over this chapter.

TEX.WATER CODE ANN. § 36.052(a). The Code Construction Act expressly provides that its rules are not exclusive but are meant to describe and clarify common situations to guide the preparation and construction of codes. TEX.GOV'T CODE ANN. § 311.003. Section 311.014 is neither in conflict with nor inconsistent with Section 36.413(b) because it merely clarifies how the time parameters are computed when the last day of a period falls on a weekend or legal holiday.

Appellants next rely on Section 311.034 in support of their argument that Section 311.014 does not apply.

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. . . . Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX.GOV'T CODE ANN. § 311.034. Appellants contend the requirement that the suit be filed not later than the 60th day after the decision becomes final is a statutory prerequisite to a suit under Section 311.034. The Texas Supreme Court held in *Prairie View A & M University v. Chatha*, 381 S.W.3d 500, 511-12 (Tex. 2012) that the term "statutory prerequisite" to suit has three components: (1) the prerequisite must be found in the relevant statutory language; (2) the prerequisite must be a requirement; and (3) the term "pre" indicates the requirement must be met *before* the lawsuit is filed. In this case, the statutory deadline for filing suit in district court is not a prerequisite because it is not something which must be done before suit is filed.

Appellants cite several cases in support of their argument that Section 311.014 and

Rule 4 do not apply to judicial review of administrative matters. *See Rayburn v. State*, 163 Tex. 450, 356 S.W.2d 774 (1962), *Superior Oil Company v. Railroad Commission of Texas*, 519 S.W.2d 479, 484 (Tex.Civ.App.--El Paso 1975, writ ref'd n.r.e.), *Brown v. Texas Education Agency*, 2002 WL 1377857 (Tex.App.--Austin 2002, pet. denied), *Texas Alcoholic Beverage Commission v. Sfair*, 786 S.W.2d 26 (Tex.App.--San Antonio 1990, writ denied), and *Texas State Board of Dental Examiners v. Blankfield*, 433 S.W.2d 179 (Tex.Civ.App.--Houston [14th Dist.] 1968, writ ref'd n.r.e.). In *Rayburn*, a one-paragraph opinion, the Supreme Court considered the Texarkana Court of Civil Appeals' holding that the period for filing objections to the award of the commissioners in a condemnation proceeding is not enlarged by Rule 4. *Rayburn*, 163 Tex. 450, 356 S.W.2d at 774. "[T]he Rules of Civil Procedure do not operate to extend the time provided by statute within which an appeal may be taken to the courts in a proceeding originally administrative in nature." *Id.* The Eighth Court of Appeals followed *Rayburn* in *Superior Oil,* holding that the Rules of Civil Procedure do not operate to extend the time provided by statute within which an appeal may be taken to the courts in a proceeding originally administrative in nature. *Superior Oil*, 519 S.W.2d at 484. These cases only address whether the Rules of Civil Procedure are applicable and do not address whether Section 311.014 or its predecessor could be applied to the particular statutes in question. Consequently, they are neither helpful nor dispositive when determining whether Section 311.014 applies to Section 36.413(b) of the Water Code.

In *Brown*, the Houston Independent School District placed Brown on medical leave in 1989 and she did not file a petition to review the decision until 1995. *Brown*, 2002 WL 1377857 at *1. The Commissioner dismissed Brown's petition as untimely and Brown filed a motion for rehearing. *Id.* The Commissioner took no action on the motion and the decision became

appealable forty-five days from Brown's receipt of the decision. *Id.* Her petition for review was due to be filed in district court on November 26, 1997, Thanksgiving, but Brown did not file the petition until the following Monday, December 1, 1997. *Id.* The Austin Court of Appeals, citing *Rayburn* and *Superior Oil*, stated that the Rules of Civil Procedure did not operate to extend the time provided by statute within which an appeal may be taken to a court from an administrative proceeding. *Id.* Brown's failure to file her petition for judicial review within the statutory time period allowed the agency decision to become final and deprived the trial court of jurisdiction. *Id.* at *2. While the opinion holds that the Rules of Civil Procedure do not apply, it does not address the applicability of Section 311.014.

In *Sfair*, the TABC entered an order imposing penalties on October 22, 1987 and the Sfairs timely filed their motion for rehearing. *Sfair*, 786 S.W.2d at 27. The Commission overruled the motion for rehearing on November 10, 1987 which started the timetable for the Sfairs to file a petition for review in the district court. *Id.* That petition was due to be filed within thirty days. *Id.* Two weeks later, the TABC entered a written order on its own motion granting a rehearing of the case. *Id.* Several months later, after another hearing, the TABC entered a new order and the Sfairs filed a motion for rehearing. *Id.* The Sfairs subsequently filed a petition in district court. *Id.* The trial court reversed the TABC's order and TABC appealed asserting for the first time that the trial court did not have jurisdiction. *Id.* at 27-28. The San Antonio Court of Appeals determined that the Sfairs' petition for review was due to be filed in the district court thirty days after the first order entered by TABC denying the motion for rehearing because TABC erred by granting a rehearing on its own motion. *Id.* at 27-28. *Sfair* is distinguishable factually and it does not address the applicability of Section 311.014.

Finally, in *Texas State Board of Dental Examiners v. Blankfield*, the Board of Dental

Examiners entered an order on January 22, 1966 suspending the license of a dentist for one year. *Blankfield*, 433 S.W.2d at 181. To appeal the order to district court, Blankfield was required to file his petition in district court by February 21, 1966, thirty days of the entry of the order. *Id.* Blankfield did not file a petition by the due date. *Id.* On March 14, 1966, Blankfield sent a telegram to the Board of Dental Examiners requesting that it extend the effective date of the suspension order to May 1, 1966. *Id.* The Board sent a letter to Blankfield on March 15, 1966 informing him that the original suspension date of March 15, 1966 was postponed to April 15, 1966, but it did not enter a formal order to this effect. *Id.* Blankfield did not file his petition in district court until April 13, 1966. *Id.* at 181-82. The district court denied the Board's plea to the jurisdiction and motion to dismiss. *Id.* at 182. The Fourteenth Court of Civil Appeals concluded that the suspension order became final on February 21, 1966 because Blankfield did not file his petition in district court and the Board lacked authority to effectively extend or enlarge the time for Blankfield to appeal. *Id.* This case is factually and procedurally distinguishable from the instant case because it does not involve a due date which fell on a holiday or weekend.

We conclude that Section 311.014 of the Code Construction Act applies when computing whether a petition was timely filed in the district court under Section 36.413(b) of the Water Code. Because the last day for filing suit fell on a Sunday and the following day was a legal holiday, the period was extended to the next day, Tuesday, December 27, 2011. Consequently, FSH timely filed its suit against the District. It is unnecessary to address whether TEX.R.CIV.P. 4 applies to the filing of a suit Section 36.413(b). We overrule the sole issue on appeal and affirm the interlocutory order of the trial court denying the Appellants' pleas to the jurisdiction.

July 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.