ACCEPTED
15-24-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 11:48 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00017-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 11:48:16 AM
CHRISTOPHER A. PRINE
Clerk

ALL STAR IMPORTS, INC. d/b/a
WORLD CAR MAZDA NORTH,

*Appellant/Cross-Appellee,*

v.

MAZDA MOTOR OF AMERICA, INC.

*Appellee/Cross-Appellant,*

v.

BOARD OF TEXAS DEPARTMENT OF MOTOR
VEHICLES,

*Appellee/Cross-Appellee.*

## REPLY BRIEF OF APPELLANT

Jarod R. Stewart
State Bar No. 24066147
jstewart@steptoe.com
Austin Kreitz
State Bar No. 24102044
akreitz@steptoe.com
STEPTOE LLP
717 Texas Avenue, Ste. 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

Jeffrey L. Oldham
State Bar No. 24051132
jeff.oldham@bracewell.com
Walter A. Simons
State Bar No. 24098429
walter.simons@bracewell.com
BRACEWELL LLP
711 Louisiana Street, Ste. 2300
Houston, Texas 77002
(713) 223-2300
(800) 404-3970 (fax)

*Counsel for All Star Imports, Inc. d/b/a World Car Mazda North*

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

*Page*

INDEX OF AUTHORITIES ...............................................................................ii

INTRODUCTION ...........................................................................................1

ARGUMENT ...................................................................................................1

    I.    The Court should decide the threshold jurisdictional question ............1

    II.   At minimum, the Court should dismiss Mazda's petition for judicial review as untimely and strike Mazda's notice of removal......10

PRAYER ........................................................................................................13

CERTIFICATE OF SERVICE.......................................................................15

CERTIFICATE OF COMPLIANCE..............................................................16

# INDEX OF AUTHORITIES

*Page(s)*

## *Cases*

*Baker v. Bizzle*,
    687 S.W.3d 285 (Tex. 2024) ........................................................................ 8-9

*Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*,
    2008 WL 4667355 (Tex. App.—Corpus Christi-Edinburg
    2008, no pet.) ............................................................................................... 12

*Jones v. State Bd. of Educ.*,
    315 S.W.3d 237 (Tex. App.—Austin 2010, pet. denied) ........................... 9-10

*REME, L.L.C. v. State of Tex.*,
    2025 WL 567970 (Tex. Feb. 21, 2025) .......................................................... 8

## *Statutes*

Tex. Gov't Code § 2001.141 ................................................................................. 3-6

Tex. Gov't Code § 2001.142 ................................................................................. 4-6

Tex. Gov't Code § 2001.143(a) .............................................................................. 5

Tex. Gov't Code § 2001.144 ................................................................................. 4-5

Tex. Gov't Code § 2001.145 ................................................................................... 5

Tex. Gov't Code § 2001.146 ........................................................................ *passim*

Tex. Gov't Code § 2001.171 ................................................................................... 5

Tex. Gov't Code § 2001.176(a) .............................................................................. 11

Tex. Occ. Code § 2301.752(a) ............................................................................... 11

## INTRODUCTION

As detailed in World Car North's Brief of Appellant and in its Brief of Cross-Appellee, the issue in this appeal is whether courts have jurisdiction over challenges to the Board's underlying June 14, 2023 termination order. And that turns on whether the Board's June 14 order was final and appealable. The Board persuasively contends that the order never became final or appealable because the Board timely "act[ed]" on motions to rehear that order—within the meaning of the controlling statute—when a majority of the Board's members voted by email to grant the rehearing motions before they were overruled by operation of law. The trial court agreed with the Board. But Mazda disagrees and advanced contrary arguments in a Cross-Appellant's Brief, to which the Board and World Car North have each already responded.

In Mazda's latest brief (a "Combined Appellee's Brief and Cross-Appellant's Reply Briefs"), Mazda repeats some prior arguments and offers new ones. World Car North mostly limits this Reply to those points that have not previously been addressed.

## ARGUMENT

I.     **The Court should decide the threshold jurisdictional question.**

The jurisdictional issue here boils down to whether the Board timely "act[ed]" on the parties' motions for rehearing from its underlying June 14

order, such that the Board retains jurisdiction, or whether those motions were instead overruled by operation of law on August 8, 2023 under Texas Government Code § 2001.146(c).

The Board's position is that it timely "acted" on the rehearing motions on or before August 7, within the meaning of the statute, when a majority of the Board's members voted by email to grant the motions—as authorized by statute for the Board to "rule on a motion for rehearing," Tex. Gov't Code § 2001.146(d).  Board's Br. at 2, 4-10.  Mazda's position, by contrast, has been that the Board did not "act" on the rehearing motions until August 9 when it issued a written order because only that allegedly could satisfy the supposed requirement to "act as a body."  Mazda's Cross-Appellant's Br. at x, 11, 13-19.  Mazda's latest brief goes even further, claiming the word "act" in § 2001.146(c) sweeps in requirements from elsewhere in the APA to mean the Board "act[s]" on a rehearing motion *only* when it issues a written, signed order that is served on the parties.  Mazda's Appellee's Br. at vi, 1-2, 4-12.

To be clear, World Car North's interest is preserving its appellate rights and having resolved the jurisdictional issue that divides the Board and Mazda. World Car North continues to take no position on that jurisdictional issue.  But several points in Mazda's latest brief warrant rebuttal.

*First*, Mazda continues to incorrectly frame the issue. Mazda suggests the question is whether the Board sufficiently acted by "polling its members" or having "individual votes." *E.g.*, Mazda's Appellee's Br. at 1, 8, 11. Yet what happened here was not simply a "poll[]" or "individual vote[s]," but the Board actually voting by a majority vote—as a body—to grant rehearing before the operation-of-law date. CR.675, 775, 789-810.

Mazda also misframes the issue by now contending that the question is whether the Board took all the steps needed to "issue an order" or turn a vote or order into "an order of the Board." *E.g.*, Mazda's Appellee's Br. at 2, 7-12. The relevant question under the statute at issue is whether the Board timely "act[ed]" on the rehearing motions, Tex. Gov't Code § 2001.146(c), and Mazda's attempt to equate that with issuing a sufficient order is improper question-begging. As the Board argued (Board's Br. at 7), the Legislature elsewhere in Chapter 2001 of the Government Code expressly required a written order to decide other issues. *E.g.*, Tex. Gov't Code §§ 2001.141(a), (e). In contrast, no provision in the Government Code or Occupations Code requires an order to grant rehearing. Such material differences in the statutory language used are presumed to be intentional and meaningful. *See also* World Car North's Br. of Appellant at 15-16. Mazda ignores this point entirely.

*Second*, and relatedly, Mazda now contends that a written, signed, and served order is required to grant rehearing based on *other* APA provisions—apart from § 2001.146(c)—and that the word "act" has a "technical" meaning sweeping in the other provisions. Mazda's Appellee's Br. at 3-12. Yet this is contradicted by (A) the cited statutes and (B) the plain meaning of "act."

A. For one thing, Mazda misreads the statutes in claiming a written, signed, and served order is *required* to grant rehearing under Government Code §§ 2001.141 and 2001.142. Mazda's Appellee's Br. at 2, 8-9.

Section 2001.141. By its terms, this provision requiring a written, signed order applies only to "a decision or order of a state agency *that may become final under Section 2001.144*"—that is, those like the Board's June 14 order that resolve a "contested case" and can become final and appealable depending on rehearing motions and their resolution. Tex. Gov't Code § 2001.141(a) (emphasis added); *id.* § 2001.144(a). Section 2001.141 cannot plausibly be read to apply to other agency decisions, like rehearing grants, that are interlocutory and not finally deciding contested cases. That is especially clear because decisions and orders subject to § 2001.141 not only must be written and signed, they "must include findings of fact and conclusions of law." *Id.* § 2001.141(b). It would be absurd to argue that the Board could "act" on the rehearing

-4-

motions here (or make other interlocutory decisions) only by issuing findings and conclusions, so Mazda understandably ignores this problem with its new contention that § 2001.141 applies to rehearing grants.

Moreover, the fact that Government Code §§ 2001.145–.146 *distinctly* and specifically address rehearing motions and their resolution further proves that § 2001.141 does not apply to rehearing grants. And Mazda's contrary position about § 2001.141 would drastically change APA practice, authorizing parties to file rehearing motions and then suits for judicial review from all manner of interlocutory decisions, contrary to APA provisions making clear such steps and review are warranted only from final decisions in contested cases. *See, e.g.*, Tex. Gov't Code §§ 2001.143(a), 2001.144(a)–(b), 2001.145, 2001.171. Mazda's reliance on § 2001.141 is mistaken.

Section 2001.142. This provision regarding service first reinforces that § 2001.141 deals *only* with the limited set of orders resolving contested cases that could become final and appealable under § 2001.144. Section 2001.142(a) applies to "any decision or order of the agency," whereas § 2001.142(b) applies to "a decision or order in a contested case that may become final under Section 2001.144," highlighting that these are different and that the latter category of decisions—which is all that § 2001.141 governs—is quite limited and does not

include other decisions like rehearing grants. Tex. Gov't Code §§ 2001.142(a)–(b). This further undercuts Mazda's argument about § 2001.141.

Additionally, while § 2001.142(a) requires notification of all decisions or orders and § 2001.142(b) states that any signed "order ruling on a motion for rehearing" must be served, none of that mandates a written (or signed, served) order to grant rehearing *in the first place*. A requirement *to serve* any order does not itself mandate an order. And no Government or Occupations Code provision requires an order to grant rehearing, unlike what the Legislature required for other matters. Mazda's reliance on §§ 2001.141 and 2001.142, and all the arguments that flow from it (at vi, 1-2, 8-17), are thus unfounded.

B.     Mazda also misinterprets the key word "act" in § 2001.146(c). Mazda claims it requires a "technical and particular meaning" connected to other APA provisions, rather than its "plain and ordinary meaning." Mazda's Appellee's Br. at 3-5. But other than Mazda's say-so and its reference to the inapposite Government Code provisions just discussed, Mazda offers nothing that supports this. Mazda points to Black's Law Dictionary, arguing that the Court should ignore the most common meaning of the word "act" in favor of a specialized meaning for "quasi-judicial act." Nothing in § 2001.142(c), though, suggests the word "act" carries a technical or special meaning. And even the

-6-

notion that "act" means "act performed by [the Board]" simply raises the question of what a Board "act" includes. The Board unquestionably acted "as a body" when a majority of its members voted to grant rehearing. *See* World Car North's Br. of Cross-Appellee at 7-10. Texas statute allowed the Board to vote by email, Tex. Gov't Code § 2001.146(d), so the Board effectively voted as if its members were at a public meeting and stated their votes aloud, and that is obviously a Board act "as a body"—which Mazda does not deny.

Nor does Mazda address the reality that what § 2001.146(d) authorizes is not merely a Board vote by email, but that the Board's email voting would "rule on a motion for rehearing." Tex. Gov't Code § 2001.146(d). Mazda *says* the Board does not "timely rule" by voting, Mazda's Appellee's Br. at 10, but the statute dictates that the Board does exactly that. And it is difficult to reconcile the fact that the Board "rule[s]" on rehearing motions under § 2001.146(d), yet, according to Mazda's position, does not "act" on them.

Mazda claims the Board's view is that the word "act" "has no particular meaning." Mazda's Appellee's Br. at 10. But the Board's stated position, whatever the outer limits of "act" may be and even if other "act[ions]" could count, is that the Board "act[ed]" here when a majority of its members voted to grant rehearing as authorized by law. Tex. Gov't Code §§ 2001.146(c)–(d).

*Third*, Mazda's reliance on two recent Supreme Court of Texas cases is mistaken. In one, the Supreme Court reaffirmed that courts "look to the plain meaning of the enacted text and apply that plain meaning unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *REME, L.L.C. v. State of Tex.*, 2025 WL 567970, at *2 (Tex. Feb. 21, 2025) (quotations and citation omitted). Here, no one has argued that the plain meaning of the word "act" in § 2001.146(c) as advanced by the Board is absurd or nonsensical, and nothing about the context seems to call for a different meaning. Further, *REME* involved construing the clause "file their findings with the court" in the Property Code, which the Supreme Court held was informed by extensive law on what it means to file with the court. *Id.* at *2-4. None of its analysis in that distinguishable context applies here.

Likewise, in *Baker v. Bizzle*, the Supreme Court dealt with the distinct law on what is required for courts to render judgments, specifically whether a judge's email to parties (without more) counts as "a rendition of judgment." 687 S.W.3d 285, 287, 291-95 (Tex. 2024). It did not opine on the word "act" or any relevant statutory term, and the different question analyzed there was governed by a complex history of Texas law on courts rendering judgments. *See also, e.g., id.* at 298-304 (Young, J., conc'g) (noting complexities in area).

-8-

None of that applies here, and Mazda's attempts to analogize to courts' issuance of final judgments—in *Baker* and otherwise—is off-base. It certainly cites nothing to suggest the Legislature meant for § 2001.146(c) to inject the numerous complexities that come with rendition of judgments by courts into agency proceedings, especially by using the open-ended word "act" there while, in nearby provisions, requiring written orders for other matters.

*Fourth*, Mazda notes that a statute allowed the Board to extend the rehearing deadlines. Mazda's Appellee's Br. at 11-12 (citing Tex. Gov't Code § 2001.146(e)). This supports *the Board's* position on jurisdiction because the Legislature specifically required a "written order" for such extensions, whereas it did not for rehearing grants. Indeed, even if Mazda were somehow right that the word "act" in § 2001.146(c) can refer to only the two options of granting rehearing or granting an extension "by written order"—a dubious notion based on plain meaning—the fact that the APA expressly requires a "written order" for one and not the other further undercuts Mazda's position.

Beyond that, Mazda correctly reports that the Board here did not extend the deadline to act on rehearing motions, but wrongly claims such extensions had to be granted *before* a rehearing motion is overruled by operation of law. Mazda's Appellee's Br. at 11-12 (citing *Jones v. State Bd. of Educ.*, 315 S.W.3d

237, 243 (Tex. App.—Austin 2010, pet. denied)). The cited decision construed a prior, materially different version of § 2001.146(e). *See Jones*, 315 S.W.3d at 241 (quoting then-existent text). The Legislature subsequently added text making clear that agencies can grant extensions after the operation-of-law deadline, allowing such extensions "provided that the agency…extends the time or takes the action not later than the 10th day after the date the period for…taking agency action expires." Tex. Gov't Code § 2001.146(e).

\* \* \*

In sum, if the Board is correct on the jurisdictional issue, then the Court should affirm the trial court here and dismiss Mazda's other appeal for lack of jurisdiction. But if Mazda is somehow correct, then courts have jurisdiction generally and World Car North's petition for judicial review should proceed in the courts subject to this Court's ruling on two issues addressed next.[1]

## II. At minimum, the Court should dismiss Mazda's petition for judicial review as untimely and strike Mazda's notice of removal.

If the Court were to hold—contrary to the trial court and the Board—that the Board's June 14 order was final and appealable such that courts have

---

[1] World Car North continues to reserve all rights to brief all merits issues at the appropriate time, in accordance with this Court's direction and rulings, in the event jurisdiction is found proper in the courts rather than the Board.

jurisdiction over this action generally, then the Court should resolve what challenges can proceed and in which court they can proceed.

*First*, Mazda's untimely petition for judicial review at least must be dismissed. If the Board's June 14 order became final and appealable, that undisputedly happened on August 8, 2023 and the 30-day period for seeking judicial review ran until September 7, 2023. Tex. Gov't Code § 2001.176(a); *see also* Tex. Occ. Code § 2301.752(a). World Car North timely filed its petition for judicial review on September 6, 2023—out of an abundance of caution, to protect its appellate rights. CR.3-735. But Mazda did not file its petition for judicial review until October 2023, CR.744-52, well beyond the deadline. World Car North filed a plea to the jurisdiction challenging Mazda's petition as untimely, CR.754-59, but the trial court dismissed the entire case based on the Board's broader jurisdictional plea, CR.737-42, 777-82; CR.812.

Mazda has no answer other than to call this issue "premature" and misstate that World Car North did not provide "supporting legal authorities." Mazda's Appellee's Br. at 12-13. World Car North's briefs have repeatedly raised this issue, requested as alternative relief that the Court dismiss Mazda's petition as untimely, and cited supporting authorities like the controlling statute imposing the 30-day deadline, the record cites for timing

facts, and even case law that the deadline is jurisdictional (*Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*, 2008 WL 4667355, at *7 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). *See* World Car North's Br. of Appellant at 4, 11 & n.3, 18-19, 20; World Car North's Br. of Cross-Appellee at 3, 6, 12; *see also* World Car North's Mot. to Strike Portions of Mazda's Cross-Appellant's Br. at 12-13 (raising untimeliness of Mazda's petition as basis for disregarding merits portions of brief); World Car North's Reply in Support of Mot. to Strike Portions of Mazda's Cross-Appellant's Br. at 5-6 (same). This issue would be squarely presented if the Court were to agree with Mazda that the Board's June 14 order was final and appealable. In that event, the Court should allow only World Car North's petition for judicial review to proceed.

**_Second_**, Mazda's removal of the underlying trial-court matter to the appellate level should be stricken pursuant to the briefing on file in the related appeal now pending in this Court at cause No. 15-24-0039-CV (the "Removed Case"). The Removed Case arose because, after the trial court entered final judgment and both parties appealed, Mazda also purported to remove the underlying trial-court proceeding to the Third court. SuppCR.3-5. World Car North and the Board jointly moved to strike Mazda's notice of removal, as it was untimely and precluded by waiver and estoppel, and that motion remains

-12-

pending in the Removed Case. If the Court rules here that the June 14 order is final and subject to review, then deciding the motion to strike would dictate whether further proceedings—*i.e.*, preparation of the administrative record and merits briefing—should proceed in this Court or the trial court.

Mazda suggests that World Car North is asking for *the trial court* to decide the motion to strike and faults World Car North for not providing supporting authorities *here*. Mazda's Appellee's Br. at 13. That is all wrong: this Court should decide the motion to strike in the Removed Case based on the briefing and supporting legal authorities on file there, *if* the Court rules here that the June 14 order is final and subject to review. In that event, granting the motion to strike in the Removed Case would mean that further proceedings would occur in the trial court, whereas denying that motion would mean they would occur in this Court in the Removed Case.

## PRAYER

For these reasons and those contained within its Brief of Appellant and its Brief of Cross-Appellee, World Car North prays that this Court issue an opinion and judgment determining whether the Board's June 14 order is a final and appealable order subject to judicial review, and at a minimum, if the Court were to rule that the June 14 order is final and subject to review, dismiss

Mazda's petition for judicial review as untimely and grant the joint motion pending in the Removed Case to strike Mazda's notice of removal. World Car North also prays for all other relief to which it is entitled.

Respectfully submitted,

| | |
|---|---|
| STEPTOE LLP | BRACEWELL LLP |
| | |
| Jarod R. Stewart | /s/ *Jeffrey L. Oldham* |
| State Bar No. 24066147 | Jeffrey L. Oldham |
| jstewart@steptoe.com | State Bar No. 24051132 |
| Austin Kreitz | jeff.oldham@bracewell.com |
| State Bar No. 24102044 | Walter A. Simons |
| akreitz@steptoe.com | State Bar No. 24098429 |
| 717 Texas Avenue, Ste. 2800 | walter.simons@bracewell.com |
| Houston, Texas 77002 | 711 Louisiana Street, Ste. 2300 |
| (713) 221-2300 | Houston, Texas 77002 |
| (713) 221-2320 (fax) | (713) 223-2300 |
| | (800) 404-3970 (fax) |

*Counsel for All Star Imports, Inc. d/b/a World Car Mazda North*

## CERTIFICATE OF SERVICE

I certify that a copy of this Reply Brief of Appellant was served on counsel of record via eFileTexas.gov on March 19, 2025, as follows:

Brit T. Brown
brit.brown@akerman.com
Benjamin A. Escobar
ben.escobar@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard,
  Ste. 2300
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

Jeff Nobles
jeff.nobles@huschblackwell.com
HUSCH BLACKWELL LLP
600 Travis Street, Ste. 2350
Houston, Texas 77002
(713) 525-6200
(713) 647-6884 (fax)

*Counsel for Mazda Motor of America, Inc.*

Ken Paxton, Attorney General
Brent Webster
James Lloyd
Ernest C. Garcia
Kathy Johnson
kathy.johnson@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Capitol Station
Austin, Texas 78711
(512) 475-4164
(512) 320-0167 (fax)

*Counsel for Board of the Texas Department of Motor Vehicles*

      /s/ *Jeffrey L. Oldham*
      Jeffrey L. Oldham

## CERTIFICATE OF COMPLIANCE

This Reply Brief of Appellant complies with the length limitations of TEX. R. APP. P. 9.4(i)(2)(C) because it contains 3,016 words, excluding the parts exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham

IM-#10659224.3

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98629604
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Reply Brief of Appellant
Status as of 3/19/2025 11:52 AM CST

Associated Case Party: Board of the Texas Department of Motor Vehicles

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christian Young | | christian.young@oag.texas.gov | 3/19/2025 11:48:16 AM | SENT |
| Kathy Johnson | | Kathy.Johnson@oag.texas.gov | 3/19/2025 11:48:16 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brit T.Brown | | brit.brown@akerman.com | 3/19/2025 11:48:16 AM | SENT |
| Neila Olvera | | neila.olvera@akerman.com | 3/19/2025 11:48:16 AM | SENT |
| Jeffery Nobles | 15053050 | jeff.nobles@gmail.com | 3/19/2025 11:48:16 AM | SENT |
| Jeffrey Oldham | 24051132 | jeff.oldham@bracewell.com | 3/19/2025 11:48:16 AM | SENT |
| Walter Simons | 24098429 | walter.simons@bracewell.com | 3/19/2025 11:48:16 AM | SENT |
| Jarod Stewart | 24066147 | jstewart@steptoe.com | 3/19/2025 11:48:16 AM | SENT |
| Austin Kreitz | 24102044 | akreitz@steptoe.com | 3/19/2025 11:48:16 AM | SENT |
| Terri Patton | | terri.patton@bracewell.com | 3/19/2025 11:48:16 AM | SENT |
| Christina Ramos | | cramos@steptoe.com | 3/19/2025 11:48:16 AM | SENT |
| Sallie Woodell | | swoodell@steptoe.com | 3/19/2025 11:48:16 AM | SENT |
| Benjamin AEscobar | | benjamin.escobar@akerman.com | 3/19/2025 11:48:16 AM | SENT |